THE MAYOR AND COMMON COUNCIL OF THE
CITY OF SAN JOSÉ v. JOSÉ G. URIDIAS, AND
FRANCISCO MUÑOS.

PROOF IN EJECTMENT FOR PUEBLO LANDS.—In ejectment brought by a town or
city, as the successor of a pueblo, and to which the pueblo lands were confirmed,
it devolves on the plaintiff to show not only that the demanded premises are
within the exterior limits of the land confirmed to the town or city, but if the
decree excepts from its operation certain lands within the tract confirmed, the
plaintiff must also show that the demanded premises are not a part of the excepted
lands.

DECREE CONFIRMING MEXICAN GRANT.—If a decree confirming a Mexican grant
of land confirms it by metes and bounds, subject to "deductions" of certain
ranchos (naming them) within the exterior bounds of the confirmed grant, and
then provides that the excepted ranchos are excluded from the confirmation, the
confirmation extends only to such lands as are not included within the excepted
ranchos.

EJECTMENT PREMATURELY BROUGHT.—If pueblo lands are confirmed to a town or
city, as the successor of a Mexican pueblo, and the decree excludes from the con-
firmation certain ranchos granted by the Mexican Government within the exterior
boundaries of the pueblo, the confirmee cannot maintain ejectment as against
those claiming under the excepted grants within the pueblo until they have been
finally confirmed and located by an approved survey.  The action cannot be
maintained while an appeal to the Supreme Court is pending from an order of
the District Court of the United States confirming the survey of the excepted
ranchos.

CONSTRUCTION OF STIPULATION.—A stipulation concerning the location of one of
the lines of a Mexican grant of land as surveyed under a decree confirming the
grant, will not be construed as admitting that the line was correctly surveyed,
unless from the whole reading of the same it appears to have been the intention
of the parties.

APPEAL from the District Court, Third Judicial District,
Santa Clara County.

This was an action of ejectment to recover two hundred
and thirty-six acres of land.   The plaintiff claimed the land
as a part of the Pueblo of San José.  The pueblo lands were
confirmed to the plaintiff by the decree of the District Court
of the United States for the Northern District of California,
rendered on the ninth day of January, 1867, in accordance
with a mandate of the Supreme Court of the United States.
The following are the material parts of the decree:

"Now, therefore, on motion of Francis E. Spencer, Esq., counsel for the Mayor and Common Council of the City of San José aforesaid, it is ordered, adjudged, and decreed, in conformity with the said mandate of said Supreme Court, that the claims of the Mayor and Common Council of the City of San José, the claimants to the land included within the ancient limits of the Pueblo of San José, be confirmed to said claimants or their legal representatives, according to the ancient boundaries of said pueblo, as ascertained by the orders and decrees of the former Governments of California, the map and surveys in evidence, and the testimony of the witnesses in the case, as set forth in the transcript of the proceedings sent to the said Supreme Court.

"It is further ordered, adjudged, and decreed by this Court that the boundaries of the said claim, being the same with those of the former Pueblo of San José, shall be ascertained and surveyed, as follows:

"Beginning at a point in the woods, at a live oak tree, in the dividing line between said pueblo and what were formerly known as the lands of the Mission of San José, and if the same tree is gone, where the same was in March, 1838, running thence a southeast course which passes through the mountains which are called Los Buellos, Pala, San Felipe, Los Animas, and Aguas de los Llagas, to a monument of stone, erected in March, 1838, and having reference to all the landmarks on this line, and to the monument of stone in the middle of Pala; this line is in length eleven and one half leagues, and its southern termination the southeast corner of the ancient limits of said pueblo and of the land hereby confirmed to the claimants.

"Then commencing again at the point first mentioned, being the said live oak tree or its former situation, and running a line from the northeast by east to southwest by west, to the embarcadero of the Guadalupe, to the last live oak, which is seen on the banks of the River Guadalupe, or where the same was in March, 1838, being two leagues and eight hundred varas for the length of this line, and the same

passing near the house formerly occupied by José Higuera, and distant from it four hundred and ten varas, the house being on the northerly side of this line. Thence up the River Guadalupe to its source, and thence running with a line corresponding with the course of said river, as near as may be, and which is nearly from southeast to northwest, and having reference to monuments of stone formerly placed on this line, the last of which, and the termination of this line, was placed on the apex of a little hill, which is at the foot of the mountain called Parage de los Capitancillos, including part of the oak grove now or formerly at this place, and including all the willow grove now or formerly at the source of the said river. Thence from said point at the foot of said mountain de los Capitancillos to the creek Los Llagos, at or near its source, and at such point as will make the distance from where said line strikes said creek to the southeastern point before ascertained, the same length as the distance from the starting point on the survey to the embarcadero, that is, two leagues eight hundred varas; thence from said point last ascertained to the southeastern corner of said tract before ascertained.

"In making the survey and ascertaining the preceding lines, reference will be had to the survey and map of the pueblo made by the Commissioners Castro, Gulnac, and Salvio Pacheco, in March, 1838, and to the survey of Joseph Arguello, under date of the 24th day of July, 1801, signed, also, by the Friar Martin de Sambeta and José Miguel Osuna, and to the documents and depositions in the cause, as to the ancient boundaries of said Pueblo of San José, subject to the following deductions, namely: the Rancho Los Milpitas, Rincon de los Esteras, Pala, Yerba Buena Cañada de Pala, San Felipe de los Animas, Laguna Seca, Santa Teresa, San Juan Bautista, Los Capitancillos, San Vicente, Los Uvas, Oga Agua de la Coche, San Francisco de los Llagos, and, also such other parcels of land as have been, by grants from lawful authority, vested in private proprietorship, and have been finally confirmed to parties claiming under said

grants by the tribunals of the United States, or shall hereafter be finally confirmed to parties claiming thereunder by said tribunals in proceedings now pending therein for that purpose, all of which said excepted parcels of land are included, in whole or in part, within the boundaries above mentioned, but are excluded from the confirmation to the Mayor and Common Council of the City of San José. This confirmation is a trust for the benefit of the lot holders, under grants from the Pueblo, Town, or City of San José, or other competent authority, and to any residue in trust for the use and benefit of the inhabitants of the city."

An appeal from said decree had been dismissed by the Supreme Court of the United States.

The land in controversy was within the exterior limits of said pueblo, and defendants were in possession of seventy acres of it at the time of the commencement of this action, deraigning title thereto from the grantee of the Milpitas Rancho, one of the excepted ranchos referred to in the decree of confirmation to the plaintiff. The claim to said Milpitas Rancho had been confirmed to the grantee, and two surveys of its exterior lines had been made; one known as the Thompson survey, included the land in controversy within the Milpitas Rancho, but that had been set aside; the other, known as the Stratton survey, excluded it. This last survey had been confirmed by the United States District Court, but an appeal had been taken from the decree of confirmation to the Supreme Court of the United States, where it was pending when this action was commenced, which was December 24th, 1866.

The attorneys made the following stipulation in the District Court:

"It is stipulated and agreed by and between the parties to the above entitled cause, that a survey of the Rancho Milpitas, in Santa Clara County, was made by one Thompson, under the direction of the Surveyor General of the

United States, and after the confirmation of the title to said rancho by the District Court of the United States for the Northern District of California. The said survey was, by said Surveyor General, returned to said Court, and was by said Court set aside, and a decree entered in said Court directing a resurvey of said rancho, in accordance with the directions contained in said decree, that a resurvey was made in accordance with said decree by James F. Stratton, under the direction of said Surveyor General, and a decree was entered in said District Court of the United States confirming and approving said survey; that the claimants of said Rancho Milpitas appealed to the Supreme Court of the United States from the decree of said District Court, approving said survey, which appeal is yet pending and undetermined. That the east line of said Rancho Milpitas, shown upon the plot of the official survey of the lands confirmed to the City of San José, in evidence in this cause, is there delineated as the same was located by said Stratton, under the decree aforesaid of said District Court."

This was the stipulation referred to in the opinion of the Court. The following was the opinion of the Court below:

"My conclusion is that this suit has been brought prematurely; that the plaintiff cannot recover unless he shows that the land in controversy is not within the Rancho Milpitas, as one of the excepted ranchos; for the defendants are entitled to all the land within the exterior lines of the Milpitas grant, until the appeal taken from the confirmation of the survey of the rancho is finally determined.

"Therefore, defendants are entitled to judgment for their costs, and it is ordered accordingly."

The other facts are stated in the opinion of the Court.

*S. O. Houghton* and *A. B. Hunt,* for Appellants.

The Court below fell into the error of supposing that the Milpitas Rancho is excepted from the confirmation to the

City of San José. The entire tract described in the decree is confirmed to the city by metes and bounds, and nothing is excepted.

It appears from the written stipulation made in this case that the survey of the Milpitas Rancho made by Stratton was made "in accordance with said decree," to wit: the decree of the District Court, containing directions for making the survey. It has been settled that surveys of private land claims must follow the directions of the Court confirming them. (*United States* v. *Higuerra*, 5 Wallace, 827; *United States* v. *Fossat*, 2 Wallace, 649.) The stipulation admits that this survey followed such directions. It is therefore correct, and no objection can be urged against it.

This suit was not prematurely brought, because it is the decree and not the survey which establishes the lines of the Milpitas Rancho. The Stratton survey, made in accordance with this decree, leaves the demanded premises outside the Milpitas grant. The admission in the stipulation that the Stratton survey is in accordance with the decree ordering it to be made, is an admission that the Milpitas Rancho is within the lines of the Stratton survey.

*Frs. E. Spencer*, for Respondents.


By the Court, SAWYER, C. J.:

If we fully comprehend the argument of appellants, they claim that the decision of this case must turn upon the question whether the "Rancho Milpitas is excepted from the confirmation to the City of San José," for it seems to be conceded that if the rancho is excepted from the lands confirmed to the city, then it devolves upon the plaintiffs to show, not only that the land in controversy is within the general boundaries described in the decree of confirmation, but also that it is not within any of the lands excepted. The District Court was of opinion that the Rancho Los Milpitas is excepted.

Appellants seem to rest their view upon the word " deductions," used in the decree of confirmation. The decree confirms the claim of the city, "according to the ancient boundaries of said pueblo, as ascertained by the orders and decrees of the former Government of California," etc. The boundaries " shall be ascertained and surveyed as follows: beginning at a point," etc., giving a particular description by metes and bounds, "subject to the following *deductions,* namely: the Ranchos Los Milpitas," etc. It is said that the whole, to the extent of the boundaries described, is confirmed to the city, subject to the deductions specified, which deductions are said not to be exceptions. But if there can be any doubt as to what is meant by the term "deductions," when considered by itself, there are other explanatory words rendering the meaning clear, which appellants omit to notice in their argument. After particularly specifying the several " deductions," the decree proceeds to say: " All of which *excepted* parcels of land are included, in whole or in part, within the *boundaries above mentioned,* but *are excluded from the confirmation* of the Mayor and Common Council of the City of San José." If this does not show an exception in the strictest sense of the term, it would be difficult to express an exception. The decree, in so many words, speaks of "said *excepted* parcels of land," and says that the Rancho Los Milpitas, although included by the boundaries used for the purposes of a description, is still *excluded from the confirmation.* That is to say, Rancho Los Milpitas—whatever lands that may embrace—is not confirmed to the City of San José, but is excepted and excluded from the lands within the general boundary, and that only such lands are confirmed to the city as remain after the exceptions are taken out. Thus the decree itself defines the term "deductions," as therein used.

It is plain that the clause in the stipulation introduced in evidence—" in accordance with said decree"—was not intended to be therein used in the sense now claimed for it

Cal. Reps. XXXVII—44

by appellants.   The stipulation was only intended—and this is the plain construction—to show the course of the proceeding in the case, and the stage and condition of the proceeding under the decree as it existed at that time.   That is to say, that a survey had been made under the decree and order confirmed by the District Court, and was then pending on appeal and undetermined in the Supreme Court of the United States.

We think the District Court correct in the view taken, and that the action was prematurely brought.  *

Judgment and order denying a new trial affirmed, as of the April Term, 1868, and remittitur directed to issue forthwith.