## Balkum v. Satcher.

*Bill in Equity to set aside Sale of Decedent's Lands under Order of Probate Court.*

1. *Ordinance No. 40 of constitutional convention, "to allow widows, orphans," &c., " to review validity of sales made by guardians," &c.* — Ordinance No. 40 of the constitutional convention of 1867, entitled "An ordinance to allow widows, orphans, and others, to review the validity of sales and settlements of estates made by guardians, trustees," &c., is inoperative *proprio vigore*, and requires legislative action to give it force and effect.

2. *Conclusiveness of probate decree, affirmed on error, refusing to set aside sale of decedent's lands for want of jurisdiction.* — A decree of the probate court, affirmed by this court on appeal, refusing to set aside a sale of a decedent's land, under an order of said probate court in 1863, as void for want of jurisdiction, is a bar to a bill in chancery subsequently filed by the same parties, which seeks to set aside the sale on the ground of fraud, and relies, as proof of fraud, on the same facts then set up, with others, as showing want of jurisdiction, — to wit, the sale for cash in 1863, payment in Confederate currency, the purchase of part of the lands by the administrator, who had no interest in the estate, and of another part by the probate judge who made the order, and who afterwards confirmed the sale, and the want of notice to some of the parties.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 24th July, 1871, by Jesse Satcher and others, as the heirs-at-law of Herrin M. Satcher, deceased, against James W. Balkum and others; and sought to set aside a sale of certain real estate, which belonged to said Herrin M. Satcher at time of his death, and was sold, under an order of the probate court of said county, on the 7th December, 1863. The sale was made on the petition of the administrator of the estate, for the purpose of distribution among the parties interested, on the ground that the lands could not be equitably divided without a sale ; was reported to, and confirmed by the said probate court, and deeds made to the purchasers under its order. At the sale, a portion of the lands was bought by the administrator, William T. Kirkland, who was not one of the distributees of the estate, and another portion by the probate judge, who granted the order of sale, and by whom the sale was afterwards confirmed ; and the purchase-money was paid in Confederate currency. The bill alleged that said sale was " fraudulent, illegal, and void ; " that the order of sale was granted by a rebel court; that the order required the sale to be made for cash, while Confederate money was received in payment from the purchasers ; that the purchase by the administrator was void, because he had no interest in the estate ; and that the probate judge, being himself one of the purchasers, had no jurisdiction to confirm the sale. All the purchasers were made defendants to the bill, and the prayer was, that the sale might be set aside ; that an account

VOL. III.              6

[Balkum v. Satcher.]

might be taken of the rents and profits; that the possession of the lands be restored to the complainants, and they have a money decree against the defendants; that the lands be sold for distribution, and for general relief.

The defendant Balkum filed a separate answer, which was adopted by the other defendants. He admitted the material facts, as above stated, but denied all fraud in fact or in law; pleaded "in bar or preclusion of any and all rights, remedies, and relief sought by said bill," a former decision of said probate court, refusing to set aside said sale on the application of the complainants, and the affirmance of that decree by this court, as shown by the printed report in the case of *Satcher* v. *Satcher* (41 Ala. 26); and demurred to the bill, for want of equity, for multifariousness, and for misjoinder of parties.

The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainants, setting aside the sale, ordering the lands to be again sold by the register, and imposing the costs on the defendant Balkum. From this decree said Balkum appeals, and here assigns it as error.

JAS. L. PUGH, for the appellants, cited the case of *Satcher* v. *Satcher* (41 Ala. 26), which, he contended, was conclusive as a bar, and unanswerable as an argument on the law and facts.

W. C. OATES, *contra.* — 1. As the decree of a rebel court, the order of sale was not revisable on appeal by the courts of the present legal government. *Martin* v. *Hewitt*, 44 Ala.; *Mosely* v. *Tuthill*, 45 Ala. 650; *Scott* v. *Jones*, 5 How. U. S.

2. Said order of sale, and the proceedings connected with it, abound with irregularities and departures from law, against which Ordinance No. 40 of the constitutional convention intended to grant relief; and as that relief could not be granted by the probate court, a bill in chancery was the proper remedy. *Mosely* v. *Tuthill*, 45 Ala. 650.

3. The confirmation of the sale by the probate judge, who was himself a purchaser at that sale, rendered it absolutely void, since no man can be a judge in his own cause; and the purchase by the administrator was equally void. *Calloway* v. *Gilmer*, 36 Ala. 354; *Michoud* v. *Girod*, 4 How. U. S. 503.

4. The facts alleged and admitted constitute a fraud in law, if not in fact, against which a court of equity will always grant relief.

B. F. SAFFOLD, J. — The appellees are the heirs-at-law and distributees of the estate of Herrin M. Satcher. The

[Balkum *v.* Satcher.]

appellant is a purchaser of a portion of the lands of the said decedent, sold by his administrator, under an order of the probate court. The bill sets out all the facts and circumstances attending the sale, including the report of sale, and of the payment of the purchase-money, the confirmation of the sale, the order to make titles, and the execution of conveyances to the several purchasers. It alleges fraud in the transaction, and cites, as instances of it, the sale for cash in 1863 ; the rebel character of the court of probate ; the purchase of some of the lands by the administrator, who had no interest in the estate ; the purchase of some by the probate judge himself, who, after he thus became interested, confirmed the sale, and ordered conveyances to be made ; the payment of the purchase-money in Confederate currency ; and the want of proper notice to the complainants of the proceedings. The prayer is, that the court may " set aside and annul the sale of the lands of the estate of the said Herrin M. Satcher," &c., and " order an account to be taken and stated . . . . concerning the rents, income, and profits of said lands " &c. ; and " order, adjudge, and decree that your orators be restored to the possession of all of the lands of their said ancestor ; and that a decree be rendered in their favor against said defendant Balkum, for such sum as may be equitable and just ; and that said lands be sold by the register, for equitable distribution among your orators, and for such other and further relief as seems to your honor meet and proper."

About the middle of 1866, these appellees filed petitions in the probate court to set aside the sale of the same lands, on the ground that the order of sale was void. The same facts and circumstances alleged in this case were urged in support of the petitions. The court dismissed them, and its judgment was affirmed, on their appeal, in this court, in the well known case of *Satcher* v. *Satcher*, 41 Ala. 26. The judgment of affirmance has been often quoted as authority, and more uniformly approved by the bench and bar, than any other in our reports on the matter of setting aside decrees for the sale of decedents' land, so prolific of litigation. It is now pleaded in bar of the present suit.

The only difference between this case and that is the allegation of fraud, in the place of want of jurisdiction. Ordinance No. 40 of the convention of 1867, " To allow widows, orphans, and others, to review the validity of sales and settlements of estates made by guardians, trustees," &c., is invoked by the counsel of the appellee, as additional authority for instituting the present suit. This ordinance seems to have contemplated some action of the legislature to make it operative. It begins by reciting, " That it shall be obligatory upon the

[Balkum *v.* Satcher.]

legislature to pass such laws as may be necessary to authorize and direct the courts of probate, courts of chancery, and all other courts of this State, to reëxamine and review all decisions heretofore made, in cases in which the validity of sales of persons acting in a fiduciary capacity, &c., of property for Confederate bonds, treasury-notes, or other securities, has been passed on," &c.  " *Provided,* such petition shall be filed within three years from this date; except in the case of minors and married women, who may proceed by petition within one year from the removal of the disability of marriage or infancy," &c. The legislature has never passed any laws in obedience to this ordinance, probably because Ordinance No. 39 of the same convention was deemed sufficient for the ends of justice, in its greater compass and shorter duration.  Besides this, the review or reëxamination was designed to be in the court where the decision was rendered.  We decide that Ordinance No. 40 is inoperative *proprio vigore.*

There is not the least evidence of a fraudulent intention on the part of the administrator of Herrin M. Satcher, or of the probate judge who confirmed the sale to himself, and ordered titles to be made, or of any of the other purchasers.  Every fact established was passed on by this court in the decision above mentioned, and was declared insufficient in itself to invalidate the sale.  If so, all of them combined would not prove fraud of intention.  They are not of a nature to have such effect.  No concealment or deception was practised.  The answers of the defendants, and the testimony in their behalf, seem to be without reserve.  They acknowledge the payment of the purchase-money in Confederate currency.  This is the chief ground of complaint, and it was of too frequent practice in those days to be regarded even as a badge of fraud.

The counsel on both sides refer to a question of enforcement of the vendor's lien, as entering into the consideration of the case.  The bill is not framed for such a purpose, and no relief of that sort is asked or granted.  The relief prayed for and obtained is repugnant to it.

The decree is reversed, and the cause remanded.