Bradley *vs.* Briggs.

---

EMMA BRADLEY, plaintiff in error, *vs.* GEORGE W. BRIGGS, administrator, defendant in error.

1. A judgment in the court of ordinary on an issue as to the grant of administration on an estate, that the letters do issue to one Johnson, does not estop a woman claiming to be the widow of the deceased from the assertion of her right to the estate by bill in equity, though she was a party to the suit in the ordinary's court and the question there was as to her marriage to deceased, and though Johnson was contesting with her at the instance of the heirs-at-law of deceased.

2. Had the grant of administration been given to her by the ordinary, the heirs would not have been estopped, and the plea of former recovery to be good must show a case where both parties are bound.

3. This identical case between the same parties was ruled by this court in 49 *Georgia Reports,* 412, and the record then was substantially the same as now.

Judgments. Estoppel. Administrators and executors. Before Judge JAMES JOHNSON. Muscogee Superior Court. October Term, 1874.

This is the second time this case has been before this court. See *Bradley vs. Johnson, administrator*, 49 *Georgia Reports*, 412.

Reported in the opinion.

H. L. BENNING; G. E. THOMAS, for plaintiff in error.

PEABODY & BRANNON, for defendant.

JACKSON, Judge.

Mrs. Bradley brought her bill in equity against the administrator of her husband's estate, alleging that she is his widow and sole heir, and praying a decree for his property. The defendant set up in his answer that he had applied for letters of administration on Bradley's estate, and Mrs. Bradley had contested his right by *caveat* because she was the widow of deceased and the question of the marriage was decided against her. The court held that she was estopped, and the jury, under his charge, found against her.

1, 3. This case was here on this question and adjudicated by this court in 49 *Georgia Reports*, 412; and it is no longer open. The principle then ruled decides it now. The facts in the record do. not affect the principle. The plaintiff in error is not estopped by the judgment before the ordinary. It is immaterial for what reason the ordinary granted Johnson the administration, he was not bound to pass upon the question of the marriage. " A judgment is not conclusive of any matter that had not of necessity to be determined before the judgment could have been given:" *Hunter vs. Davis*, 19 *Georgia Reports*, 413; 17 Vermont, 419; 3 Wend., 17.

2. The heirs-at-law of deceased, if she be not the widow, would not be estopped because they had got Johnson to apply for administration, had it been granted to her; they are the

parties in interest against her in this bill, and it would be both illegal and unjust to estop her now because that case went against her. But it is useless to argue the point. It is *res adjudicata* in this court. There certainly. has been a binding judgment here, and we must again reverse the judgment below. The evidence is by no means conclusive that the plaintiff in error is not the widow and was not the lawful wife of deceased. The record discloses evidence going strongly to show that she was. She is entitled to be heard fully upon it. She has not been heard, because the court ruled that the judgment by the ordinary estopped her, and the jury were bound to find against her no matter what they thought of the merits. Let her have a full and fair hearing.

Judgment reversed.