GEORGE DE PROUX vs. CHARLES H. SARGENT.

Waldo.     Opinion September 11, 1879.

*Pleading.    Joinder of counts in debt.    Estoppel.*

A count in debt by an indorsee against the maker of a negotiable promissory
note, may be joined with a count in debt on a judgment.

The defendant recovered a judgment against the plaintiff for the sum of $9.01
debt. Three years afterwards he sued on the judgment and joined a count
on a promissory note given by the plaintiff to a third person "or bearer" for
one dollar and fifty cents with interest and recovered a judgment on both
counts. In an action for false imprisonment ; *Held,* that the execution
issued on the latter judgment properly ran against the body of the judg-
ment debtor.

Also held that the plaintiff was estopped by the latter judgment from show-
ing that the judgment creditor procured the note in violation of the pro-
visions of R. S., c. 122, § 12 as amended by Stat. 1878, c. 57.

ON REPORT.

WRIT dated December 10, 1878.

Declaration in a plea of the case, for that said Charles H. Sar-
gent on the sixth day of August, A. D. 1875, the same being
the first Tuesday of August, A. D. 1875, at Belfast aforesaid, at
a term of the Belfast municipal court then and there held,
recovered judgment against said De Proux for the sum of nine
dollars and one cent debt or damage and costs of suit taxed at
five dollars and eighty-nine cents in an action of assumpsit upon
a promissory note ; that upon said judgment no execution could
be legally issued running against the body of the said De Proux.
And the plaintiff avers that thereafterwards, to wit, on the first
day of September, A. D. 1878, at Belfast aforesaid, the said
Charles H. Sargent, maliciously intending to oppress and unjustly
to imprison the said De Proux, procured of one Franklin A.
Green, attorney of one G. L. Foss, a certain promissory note
dated July 31, 1878, payable one day after date to G. L. Foss or
bearer for the sum of one dollar and fifty cents and interest
signed by said De Proux ; that said Sargent procured said note
as aforesaid for the express purpose of deriving the profit arising
from its collection by a suit at law and of maliciously oppressing

and unjustly imprisoning the said De Proux upon an execution to be issued upon a judgment which he the said Sargent might recover against the said De Proux by joining the said note and judgment aforesaid in an action of debt against the said De Proux.

And the said De Proux further avers that thereafterwards, to wit, on the sixteenth day of September, A. D. 1878, the said Sargent, maliciously intending and contriving to oppress and unjustly to imprison the said De Proux as aforesaid, sued out of said Belfast municipal court a writ of attachment in an action of debt in due form of law against the said De Proux, returnable at a term of said Belfast municipal court to be held at Belfast aforesaid on the first Tuesday of October, A. D. 1878, in which said writ the said Sargent declared in words and figures, to wit:

In a plea of debt; for that the said plaintiff by the consideration of our Belfast municipal court, at a term of said court holden at Belfast in and for the county of Waldo, on the sixth day of August, A. D. 1878, recovered judgment against said George De Proux for the sum of nine dollars and one cent, debt or damages and five dollars and eighty-nine cents costs of the suit, as by the record thereof in the same court remaining appears; which judgment is in full force, and not reversed, annulled or satisfied; whereby an action hath accrued to the plaintiff to have and recover of the said George De Proux the aforesaid sums of nine dollars and one cent and five dollars and eighty-nine cents, amounting in the whole to fourteen dollars and ninety cents.

Also for that said George De Proux, at Belfast in said county, on the thirty-first day of July, A. D. 1878, made his promissory note payable to one G. L. Foss or bearer, and delivered the same to said G. L. Foss, and said G. L. Foss thereafterwards, to wit, on the same day, for a valuable consideration, delivered said note to the plaintiff, and the said George De Proux thereby for value received promised the plaintiff to pay him the sum of one dollar and fifty cents in one day after date with interest, and by reason of the non-payment thereof an action hath accrued to the plaintiff to have and recover the same from the said George De Proux.

Also for that the said George De Proux at Belfast in said county on the thirty-first day of July, 1878, by his promissory note of that date by him subscribed, for value received promised one G. L. Foss to pay him or bearer in one day after date the sum of one dollar and fifty cents with interest, and the said G. L. Foss thereafterwards, to wit, on the same day, for a valuable consideration, transferred and delivered said note to the plaintiff, by means whereof the said George D. Proux then and there became liable to pay the plaintiff the said sum according to the tenor and effect of said promissory note. Yet although the said sum of money has long since become due and payable the said George De Proux hath never paid the said sum, whereby an action hath accrued to the plaintiff to have and recover from the said George De Proux the aforesaid sum of one dollar and fifty cents.

That said writ was duly served upon said De Proux and entered in said court on said first Tuesday of October, 1878, and continued to the first Tuesday of November, 1878, to a term of said court then to be held. That on said first Tuesday of November, 1878, the said Sargent recovered judgment against said De Proux in said action for the sum of sixteen dollars and seventy-one cents debt or damage, the same being the amount of said first mentioned judgment and note and costs of suit taxed at five dollars and fifty-two cents.

And the said De Proux further avers that on the nineteenth day of November, 1878, the said Sargent still maliciously intending and contriving to oppress and unjustly to imprison the said De Proux caused a writ of execution to be issued out of the office of the recorder of said Belfast municipal court, upon the judgment aforesaid directed to the sheriff of said county of Waldo or either of his deputies or either of the constables of the city of Belfast, commanding them that of the goods, or chattels of the said De Proux within their precincts they cause to be paid and satisfied to the said Sargent at the value thereof in money, the aforesaid sums being twenty-two dollars and twenty-three cents in the whole, with interest from the day of the rendition of judgment with fifteen cents more for said writ, and thereof also to satisfy themselves for their own fees, and for want of such goods and chattels of the

said De Proux to be by him shown unto them or found within their precincts to the acceptance of said Sargent to satisfy the several sums aforesaid commanding them to take the body of the said De Proux and him commit unto the jail in Belfast in said county of Waldo and him detain in their custody in said jail until he should pay the sums above mentioned with their own fees or that he be discharged by the said Sargent or otherwise by order of law. That said execution thereafterwards, to wit, on the same day was placed in the hands of Frederick S. Walls, sheriff of said county of Waldo to execute. That said sheriff, to wit, on the third day of December, 1878, for want of goods or chattels of the said De Proux shown unto him or found in his precinct to the acceptance of said Sargent wherewith to satisfy said execution.

The said sheriff under the express instructions in writing of the said Sargent by his attorney arrested the said De Proux on said execution and detained him the said De Proux in his custody from said third day of December, 1878, until the ninth day of December, 1878, on which ninth day of December aforesaid the said De Proux was allowed to take the oath prescribed in the thirtieth section of the one hundred and thirteenth chapter of the Revised Statutes and was released from said arrest by order of law.

And the said De Proux further avers that said Sargent procured said note for the profit which might arise to him from its collection by a suit at law, in violation of the statute in such case made and provided ; and that he the said Sargent was not at the time said suit was brought the lawful owner or holder of said note. Wherefore the said De Proux avers that at the time said action was brought at the time said judgment was recovered and at the time said execution was issued he was not indebted to the said Sargent in the sum of ten dollars exclusive of costs, and was not liable lawfully to be arrested upon execution issued upon any judgment which the said Sargent might lawfully recover against him.

Whereby and by means of said causeless and malicious arrest and detention of the said De Proux by the said Sargent upon said

writ of execution the said De Proux was unjustly compelled to expend great sums of money in obtaining his release from said arrest and suffered great pain and inconvenience both in body and mind and during that time his affairs and business were greatly and necessarily neglected, to the damage of said plaintiff, as he says, the sum of five hundred dollars.

If upon the facts stated in the declaration the action could be maintained, the action should stand for trial; otherwise plaintiff to be nonsuited.

*W. P. Thompson & R. F. Dunton* for the plaintiff, contended that the allegations brought the case within the provisions of R. S., c. 122, § 12, as amended by statute, 1878, c. 57. That the defendant having procured the note in violation of a penal statute had no title to it, and cited *Green* v. *Morse*, 5 Maine, 291. *Parsons* v. *Lloyd*, 3 Wils. 341. R. S., c. 82, § 12. *Kelley* v. *Morris*, 63 Maine, 57.

That admitting Sargent legally procured the note, he could not by joining the judgment and note in an action of debt recover a judgment on which the execution issuing would authorize the arrest of this plaintiff. R. S., c. 113, § 19. *Kelley* v. *Morris*, *supra*.

The legislature did not intend to authorize holders of small demands less than ten dollars to assign them to one of their number and by aggregating them recover a judgment that an execution thereon should run against the debtor's body.

*R. W. Rogers*, for the defendant, contended:

That the judgment of a court of competent jurisdiction upon a point directly in issue is conclusive between the parties and their privies until reversed, and cannot be impeached directly, indirectly or collaterally in another action between them.

*Pease* v. *Whitten*, 37 Maine, 117. *Thurston* v. *Spratt*, 52 Maine, 202. *Walker* v. *Chase*, 53 Maine, 258. *Sturtevant* v. *Randall*, 53 Maine, 149. *Linch* v. *Swanton*, 53 Maine, 100. *Page* v. *Estes*, 54 Maine, 379. *Sibley* v. *Rider*, 54 Maine, 463. *Jackson* v. *Lodge*, 8 Am. Law Reg. N. S. 697. Not even when the judgment is recovered by default. *Weeks* v. *Thomas*,

27 Maine, 465. *Woodman* v. *Smith*, 37 Maine, 21. *Hagar* v. *Springer*, 60 Maine, 436. Or by fraud, *Granger* v. *Clark*, 22 Maine, 128. *Davis* v. *Davis*, 67 Maine, 398, and cases cited.

VIRGIN, J. An action of debt lies for a sum certain, whether it has been rendered certain by a judgment, or by a special or simple contract between the parties. 2 Greenl. Ev. § 279. *McVicker* v. *Beedy*, 31 Maine, 314, 318. *Norris* v. *School Dist.*, 12 Maine, 29. *Portland* v. *At. & St. L. R. R. Co.*, 66 Maine, 485, 487. Hence debt may be maintained not only by the payee (*Martin* v. *Root*, 17 Mass. 222; *Mandeville* v. *Ridle*, 1 Cranch, 290,) but by the indorsee against the maker of a promissory note. *Wilmarth* v. *Crawford*, 10 Wend. 340. *Raborg* v. *Peyton*, 2 Wheat. 385.

So a count in debt on a simple contract may be joined in the same declaration with a count in debt on a judgment. 1 Chit. Plead. (16th Am. ed.) 221-2. 2 Wm's. Saund. 117, note a. *Union Cotton Manuf'y* v. *Lobdell*, 13 Johns. 462. *McVicker* v. *Beedy*, *supra*. *Exchange Bank* v. *Abell*, 63 Maine, 346.

Sargent had a right, therefore, to join a count in debt on his original judgment with one on De Proux' note payable to Goss or bearer, provided the alleged illegal procuring of the note by Sargent did not prejudice his case. His declaration was strictly legal in form.

The plaintiff alleges that, Sargent, on September 16, 1878, sued out an action of debt, "in due form of law," against him, returnable on the first Tuesday of October following, setting out the declaration in full—one count on the former judgment and two on the note; that the writ was duly served and returned, entered on the return day and continued to the first Tuesday of November following, when Sargent "recovered judgment in said action against" this plaintiff, "for the amount of said first mentioned judgment and note;" that on Nov. 19, execution was issued on the judgment, running against the body of this plaintiff, and directed to the sheriff; and that the sheriff, under the express instructions in writing of Sargent by his attorney, arrested De Proux on the execution and detained him in his custody until he took the poor debtor's oath—some five days.

There appears no irregularity in any of the proceedings. The writ and execution were in the usual form. The defendant through his attorney, simply resorted to the usual legal methods for collecting his demands against De Proux, his debtor, so far as any of the forms of law are concerned.

But the plaintiff alleges, in substance, that Sargent procured the note from Goss in violation of the provisions of R. S., c. 122, § 12, as amended by Stat. 1878, c. 57, and therefore that, "at the time the said judgment was recovered, he (De Proux) was not indebted to Sargent in the sum of ten dollars, exclusive of costs, and was not liable lawfully to be arrested on execution issued upon any judgment which said Sargent might lawfully recover against him."

There is no pretense that, if the note and original judgment could be lawfully joined, they would not show that De Proux was indebted to Sargent in the sum of ten dollars, exclusive of costs, but the argument seems to be (1) That Sargent never had any legal title to the note and hence should not have had judgment for the amount of both note and former judgment; and (2) That admitting his title to the note, the execution issued upon the judgment recovered on both the former judgment and note should not run against the body of the judgment debtor.

1. The difficulty with the first proposition is, the law will not allow this plaintiff to set it up or prove it; because if true and available, it was a matter of defense, and it should have been set up at the November term of the municipal court when the judgment was recovered. Perhaps it was, and the issue was found against De Proux. Of that we are not informed. But whether it was or not, the plaintiff is concluded by the judgment rendered against him by a court of competent jurisdiction—having jurisdiction of the parties and the subject matter. *Pratt* v. *Dow*, 56 Maine, 86. *Greene* v. *Greene*, 2 Gray, 364, and cases cited by the defendant.

2. When a plaintiff has several distinct causes of action, of the same nature, he is allowed to pursue them cumulatively in the same writ. Steph. Plead. (Tyler's ed.) 254. Bac. Ab. actions, C.; and if he do not, he can recover but one bill of cost, if he sues on them severally. R. S., c. 82, § 117. It follows, therefore,

that although neither one of them might be large enough to authorize the execution to run against the body, they might when aggregated.

The position of the plaintiff that "no increment of a small note or account acquired after the recovery of the former judgment could make a judgment of sufficient amount to arrest the debtor legally," is not tenable. *Kelley* v. *Morris*, 63 Maine, 57, sustains no such proposition.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.