THE DAVIS SEWING MACHINE COMPANY OF WATERTOWN NEW
YORK v. EMELINE BARNARD ET AL.

*Equities based on insanity.*

A bill to set aside a deed as against a subsequent bond, on the
ground that it was made by a person who was insane at the
time, and continued so until he died, establishes no equity
greater than that of the grantee, and should be dismissed.

A bond made by an insane person is void and a claim thereon should
not be allowed against his estate, but while a probate decree
allowing it might conclude the estate from questioning the bond,
it cannot estop the widow from resisting a proceeding in aid of
an execution thereon by a bill to set aside for the grantor's
insanity a prior deed made to her by her husband.

Appeal from Eaton.  Submitted and decided April 22.

BILL to set aside deed.   Defendants appeal.

*A. E. Cowles* for complainant.

*McPeek & Tinkham* for defendants.

PER CURIAM.   This is a bill to set aside a conveyance
of lands made by Daniel Barnard to Emeline Barnard,
his wife, in August, 1870, on the ground that the grantor
was insane at the time he made it.   The supposed
equity of complainant arises out of a bond executed by
Daniel Barnard to complainant in December, 1871.
Daniel Barnard died in June, 1873, and complainant has
proved a claim under the bond against the estate.   There
being no assets of the estate to pay the claim, the bill
is filed to reach this land.

It is claimed by complainant that Daniel Barnard was
insane when the deed was given, and continued to be
so until his death.   If this was so, the bond was void
as well as the deed.   But complainant seeks to avoid
this conclusion by relying upon the adjudication in the
probate court as determining finally and conclusively the

right to recover the amount awarded. But that adjudication is shown by the bill itself to establish no equity in favor of complainant as against this deed. It was upon a void demand, and ought not to have been rendered as it was. Complainant by means of it may have concluded the estate from questioning the bond, but a technical estoppel cannot be relied upon as raising an equity against Mrs. Barnard. If the bond was valid, the deed was, and if the deed was invalid, Mrs. Barnard has as good an equity to retain it as complainant has to set it aside. In any view that can be taken of the facts, the bill should be dismissed.

Decree reversed and bill dismissed with costs.

The other Justices concurred.