## THE TUBAL CAIN.

### (District Court, S. D. New York. November 17, 1881.)

1. RES ADJUDICATA—STATE COURTS—ESTOPPEL—SUPPLEMENTAL ANSWER—ADMIRALTY—EVIDENCE—STAY OF PROCEEDINGS.

Where the substantial issue in two actions is the same, although the particular claims or causes of action be different, a trial and judgment upon the merits in the one action may be pleaded or given in evidence as an estoppel upon the same matter in the other.

The rule is the same, though the one action be in admiralty and the other in a state court or a foreign jurisdiction.

Where the owners of the brig T. C. chartered her to W. & Co. to proceed to Turk's island for a cargo of salt, to be furnished with quick dispatch, and the brig went there, and, after waiting eight days for a cargo, and none being furnished, returned to New York, refusing to wait longer or to go elsewhere for a cargo, as desired by W. & Co.; and the owners thereupon sued the charterers in a state court for breach of the contract in not furnishing the cargo as agreed, and the charterers then sued the owners by libel in this court for breach of the contract in not waiting longer or going elsewhere for a cargo as desired, and the defendants in each case set up a breach of the charter-party by the opposite side: held, that the substantial issue in each action was the same, and that a judgment in favor of the plaintiffs, after a trial by jury in the state court, might be set up as an estoppel in favor of the defendants in the action pending in this court; that leave should be given to set up the recovery of such judgment by supplemental answer; and, as there was an appeal pending from the judgment in the state court, the cause, on being reached for trial in this court, should be stayed until the determination of the appeal.

In Admiralty.

*Beebe, Wilcox & Hobbs,* for libellants.

*Hill, Wing & Shoudy,* for respondents.

BROWN, D. J. A motion is made for leave to file a supplemental answer setting up a judgment recently recovered in a state court, in another action between the same parties.

On July 11, 1879, the respondents, who are owners of the brig Tubal Cain, chartered her to the libellants for a voyage from Turk's island to New York, to carry a cargo of salt, in bulk, at the price of seven cents per bushel, and the libellants contracted to furnish such cargo with quick dispatch on her readiness to receive it, and to pay at the rate of $40 per day for any detention of the vessel through their fault. The Tubal Cain proceeded to Turk's island pursuant to the terms of the charter-party, and arrived there on September 8, 1879, but no cargo could be at once procured. After waiting until the sixteenth of September, and failing to obtain any cargo, she returned to New York. Before leaving Turk's island her master was requested to go to Inagua, where it was stated that salt could be procured, but he declined to do so.

On the sixteenth of October the owners, the respondents, commenced an action in the supreme court of this state to recover $1,358.84, their damages against the present libellants for an alleged breach of the charter-party, in not furnishing a cargo of salt as agreed. The libellants appeared in that action on October 18th, and upon the same day filed their libel in this court to recover $1,000 for their damages against these respondents for their alleged breach of the charter-party in not "waiting a reasonable time at Turks island, or procuring a cargo, or going to Inagua for a cargo, as requested."

The respondents in their answer, as a defence in this cause, set up the same breach of the charter-party by the libellants which they alleged in their complaint in the state court, and also pleaded in abatement the pendency of the suit in that court. On December 27, 1879, the libellants, as defendants in the suit in the state court, put in their answer, alleging that the master of the Tubal Cain, though requested, "refused to await a reasonable and customary time for the said cargo, or to procure a cargo of salt, or to proceed to Inagua," by which it was alleged that the owners were "guilty of a breach of the terms of the charter-party, and not entitled to the compensation named."

In May, 1881, a trial of the suit in the state court was had before the court and a jury, and a verdict rendered for the owners for $970.41 damages, for which sum and costs judgment was duly entered in their favor on May 28, 1881. The respondents now ask leave to set up by supplemental answer the recovery of this judgment as a bar to the further prosecution of this action.

It is admitted that an appeal from this judgment has been taken, and is still pending.

This motion is made upon the call of the cause on the day calendar; and, along with the proposed supplemental answer, a duly-authenticated copy of the judgment roll in the other suit is also presented to the court, and a decision requested upon the merits of the proposed plea as a virtual disposition of this case.

From the facts above stated it is apparent that the claims of the respective parties upon the pleadings in the two suits are mutually exclusive of each other. The claim of each party in the two actions is based solely upon an alleged entire breach of the charter-party by the other, and an entire failure in its performance. Neither party could be defeated in either action except upon proof of facts showing

such a breach of contract on its part as must legally preclude it from any recovery in the other action. The sole ultimate question in each case is, which party was in fault for the vessel's return without a cargo? Thus, although the causes of action in the two suits are different, the fundamental question at issue in both is the same. In each suit each party alleges the other to be in fault in the same identical particulars which he sets up in the other suit; and in each the breach of contract alleged is not a partial breach merely, from which some incidental claim arises, but an entire failure of performance, such as necessarily excludes whichever party is guilty of such a failure from all claim under the contract.

The claim for damages which the libellants present by this suit might have been made in the action in the state court, under sections 500-502 of the New York Code, as a "counter-claim" growing out of the same transaction, without any substantial change in the answer which they actually interpose in that action. They did not make any such counter-claim for damages in that action, but they set up, as a defence to the plaintiff's demand, the same identical matters upon which their present claim is founded. The issues, therefore, in both actions are substantially the same. The issue has been tried upon the merits in the action in the state court, a verdict recorded thereon in favor of the respondents, and a judgment entered upon the verdict. It is not claimed that that issue, and all the matters involved in it, were not fully and fairly presented and tried in that action. Such a judgment properly pleaded is, by all the authorities, held to be an estoppel against all further controversy in any other action between the same parties upon the same subject-matter, whether the particular cause of action be the same or not.

"A fact which has been directly tried and decided by a court of competent jurisdiction cannot be again contested between the same parties in the same or any other court." *Hopkins* v. *Lee,* 6 Wheat. 109.

Its operation is not as a former judgment recovered upon the same cause of action, for the cause of action is not the same; but as an estoppel of record by an adjudication of the same identical matter once heard and determined between the parties. *Russell* v. *Place,* 94 U. S. 606; *Beloit* v. *Morgan,* 7 Wall. 619; *Aurora City* v. *West,* Id. 82; *Gardner* v. *Buckbee,* 3 Cow. 120; *Bouchard* v. *Dias,* 1 Coms. 71; *Hopkins* v. *Lee,* 6 Wheat. 109; Bigelow, Estoppel, (2d Ed.) 36, 45; *Flanagin* v. *Thompson,* 9 FED. REP. 177.

This case does not present the question which has given rise to conflicting decisions in the different state courts, viz., whether the

same estoppel should be held to apply where the same claim or defence was legally involved in the prior action, and might have been presented, but was not, in fact, presented or considered. In such cases the courts of this state hold that if such matter be available in the former suit, and the issue by its nature involves the whole transaction, the defeated party is equally bound, whether he avails himself of it or not. *Dunham* v. *Bower*, 77 N. Y. 76; *Schwinger* v. *Raymond*, 83 N. Y. 192. Other cases hold that where the causes of action are not the same, though growing out of the same transaction, the estoppel applies only to such issues as were actually raised and controverted, or to those ultimate facts upon which the verdict and judgment were predicated; and such has recently been the decision of the United States supreme court. *Cromwell* v. *County of Sac*, 94 U. S. 351; *Davis* v. *Brown*, 94 U. S. 423; *Smith* v. *Town of Ontario*, 4 FED. REP. 386; *Flanagin* v. *Thompson*, 9 FED. REP. 177; *Beseque* v. *Beyers*, (Wis.) Chic. Leg. N. Nov. 5, 1881, p. 60.

But here the substantial issue is the same in both cases. Each party urges the same identical facts in his own favor in both actions,—in the one action as a ground of claim for damages; in the other action as a defence against the claim of the other party. In such cases there is no conflict in the decisions. In the last of the above cases, cited by the libellants' counsel, the effect of the judgment as an estoppel in such a case is conceded. If the judgment had, therefore, been recovered prior to the filing of the libel and pleaded as a defence, it would, when proved, have been conclusive as an estoppel against the libellant's claim in this case. It does not matter that the former judgment was recovered in a different jurisdiction,—a sister state, or even in a foreign country; and a judgment of a state court is binding upon subsequent proceedings in admiralty in reference to the same subject-matter. *Goodrich* v. *The City*, 5 Wall. 566; *Taylor* v. *The Royal Saxon*, 1 Wall. Jr. 333.

In the answer here the plea in abatement of the other suit pending was of no avail, as that suit was in a foreign jurisdiction. *Wadleigh* v. *Veazie*, 3 Summ. 165; *Loring* v. *Marsh*, 2 Cliff. 322; *Mitchell* v. *Bunch*, 2 Paige, 606; *Salmon* v. *Wootton*, 9 Dana, 422. But in such cases, whichever first ripens into judgment becomes effective, and may be then allowed to be set up as against the further prosecution of the other action. *Child* v. *Eureka Co.* 45 N. H. 547. The proper mode of doing this is by supplemental answer or plea *puis darrein continuance*. Steph. Pl. 611; *Hendricks* v. *Decker*, 35 Barb. (N. Y.)

*298; Butler* v. *Suffolk Glass Co.* 126 Mass. 512; *Drought* v. *Curtiss,* 8 How. (N. Y.) 56.

As there is no claim that the trial in the state court was not a full and fair trial, leave to file the supplemental answer should be granted, and the judgment roll, when offered in evidence, would be a bar to the further prosecution of the libellants' claim. Even if not pleaded, this judgment, as an adjudication against the libellants upon the same breaches of contract alleged by them in their libel, would be competent, if not conclusive, evidence against them on the trial. *Hopkins* v. *Lee,* 6 Wheat. 109; *Young* v. *Rummell,* 2 Hill, (N. Y.) 478; S. C. 5 Hill, (N. Y.) 61.

As the judgment in the state court may be reversed on the appeal pending, the libel should not be dismissed, but the proceedings stayed until the determination of the appeal.

## NOTE.

### Conclusiveness of Judgments in Personam.

GENERAL RULE. An adjudication upon the merits of a demand by a court of competent jurisdiction is conclusive against the parties and those in privity with them before every other court, both of the cause of action and of every fact which is a necessary part of that cause of action; and, with regard to the facts going to make up the cause of action, the adjudication is conclusive not only in a subsequent suit upon the same cause of action, but in any suit that may be instituted between the same parties or their privies.(*a*)

JUDGMENT MUST HAVE BEEN FINAL. In order to bar a new suit upon the same cause of action the judgment must have been final(*b*) in the sense of being capable of being made the subject of an appeal. No interlocutory judgment or decision upon a motion not going to the merits of the action will bar another suit upon the same demand.(*c*) The New York Code has, however, somewhat enlarged the effect of interlocutory judgments.(*d*)

ON THE MERITS. The judgment, further, must have been rendered on the merits to bar a new suit upon the same cause of action. Judgment upon a plea in abatement, or upon a plea to the jurisdiction, or because the suit is

---

(*a*)*Balkum* v. *Satcher,* 51 Ala. 81; *Kelly* v. *Donlin,* 70 Ill. 378; *State* v. *Ramsburg,* 43 Md. 325; *De Prour* v. *Sargent,* 70 Me. 266; *Adams* v. *Cameron,* 40 Mich. 506; *Tilson* v. *Davis,* 32 Gratt. 92; *Western M. & M. Co.* v. *Virginia Coal Co.* 10 W. Va. 250; *Hendrickson* v. *Norcross,* 4 C. E. Green, 417; *Baldwin* v. *McCrae,* 38 Ga. 650; *Tioga R. Co.* v. *Blossburg & C. R. Co,* 20 Wall. 137; *Aurora City* v. *West,* 7 Wall. 82; *Beloit* v. *Morgan,* Id. 619; *Goodrich* v. *The City,* 5 Wall. 566; *Doyle* v. *Reilly,* 18 Iowa, 108; *Painter* v. *Hogue,* 48 Iowa, 426; *Allie* v. *Schmitz,* 17 Wis. 169; *Heath* v. *Frackleton,* 20 Wis. 320; *Smith* v. *Way,* 9 Allen, 472; *Jordan* v. *Faircloth,* 34 Ga. 47; *Demarest* v. *Darg,* 32 N. Y. 281; *Elmer* v. *Richards,* 25 Ill. 289; *Babcock* v. *Camp,* 12 Ohio St. 11; *Bell* v. *McCulloch,* 31 Ohio St. 397; *Sergeant* v. *Ewing,* 36 Pa. St. 156; *Cabot* v. *Washington,* 41 Vt. 168; *Garwood* v. *Garwood,* 29 Cal. 514; *French* v. *Howard,* 14 Ind. 455; *Shuttlesworth* v. *Hughey,* 9 Rich. 337; *Stewart* v. *Dent,* 24 Mo. 111; *Walker* v. *Mitchell,* 18 B. Mon. 541.

(*b*)*Webb* v. *Buckelew,* 82 N. Y. 555.

(*c*)Id.; *Collins* v. *Jennings,* 42 Iowa, 447.

(*d*)*Webb* v. *Buckalew, supra; Easton* v. *Pickersgill,* 75 N. Y. 599; *Riggs* v. *Purcell,* 74 N. Y. 370; *Dwight* v. *St. John,* 25 N. Y. 203.

premature, or upon any other matter not touching the merits of the plaintiff's demand, can only be conclusive for its own purpose; it cannot bar another action.(*e*)  The judgment will, as has just been intimated, be conclusive of the point decided in it, and that, too, not only in another action upon the same demand, but in any other action which may afterwards be brought between the parties or their privies; but that is the extent of its conclusiveness.

VOIDABLE JUDGMENTS.  Again, the judgment must have been valid.(*f*) If void, it can have no effect.(*g*)  However, it matters not that it is merely voidable as for error of law(*h*) or of fact.  A voidable judgment is as binding in collateral actions as one free from error.

PARTIES AND PRIVIES.  On the other hand, judgments *in personam* conclude only the actual parties to the litigation, and those who claim under them.(*i*)  By parties are to be understood all who have a right to control the proceedings, to make defence, to produce and to cross-examine witnesses, and to appeal.(*j*)  This will include not only the parties whose names appear in the writ, but all persons who, being liable over to reimburse the defendant, are duly notified by him to appear and defend the suit.(*k*)  It has sometimes been thought, also, that witnesses who appear in the cause and fail to set up any rights which they may have in the event of the suit or in the subject of it will be bound by the judgment;(*l*) but the better opinion is opposed to this position.(*m*)  Besides, to be a party, one must act openly as such.  To secretly employ counsel and to appear as a witness will not give one the *rights* of a party at all events.(*n*)  In certain exceptional cases judgments *in personam* conclude strangers.(*o*)  The effect of a judgment against married women and infants has been the subject of much conflict of authority.  We cite some of the cases.(*p*)

WHAT JUDGMENT ESTABLISHES.  Further, a judgment is conclusive, not only of the facts expressly decided by it, so far as they are material, but also of all facts and inferences necessary to it.(*q*)  But this is the extent of its conclusiveness.  It is conclusive only of facts without the existence and proof of

---

(*e*)*Phelps* v. *Harris*, 101 U. S. 370; *Clark* v. *Young*, 1 Cranch, 181; *Birch* v. *Funk*, 2 Metc. (Ky.) 544; *Stevens* v. *Dunbar*, 1 Blackf. 56; *Griffin* v. *Seymour*, 15 Iowa, 30.

(*f*) *Wixom* v. *Stephens*, 17 Mich. 518; *Queen* v. *Hutchins*, 6 Q. B. D. 300; S. C. 5 Q. B. D. 353.

(*g*)Id.

(*h*)*Lawrence* v. *Milwaukee*, 45 Wis. 306; *Case* v. *Beauregard*, 101 U. S. 688.

(*i*)*Springport* v. *Teutonia Bank*, 75 N. Y. 397; *Raymond* v. *Richmond*, 78 N. Y. 351; *Goodman* v. *Niblack*, 102 U. S. 556, 562; *Davis Machine Co.* v. *Barnard*, 43 Mich. 379; *McDonald* v. *Gregory*, 41 Iowa, 513; *Hine* v. *K. & D. M. R. Co.* 42 Iowa, 636.

(*j*)1 Greenl. Ev. § 535.

(*k*)*Saveland* v. *Green*, 36 Wis. 612; *Valentine* v. *Mahoney*, 37 Cal. 389; *Altschul* v. *Polack*, 55 Cal. 633; *Carr* v. *United States*, 98 U. S. 433.

(*l*)*Barney* v. *Dewey*, 13 Johns. 224

(*m*) *Yorks* v. *Steele*, 50 Barb. 397; *Wright* v. *Andrews*, 130 Mass. 149; *Blackwood* v. *Brown*, 32 Mich. 104; *Schroeder* v. *Lahrman*, 26 Minn. 87.

(*n*)*Schroeder* v. *Lahrman*, *supra*.

(*o*)See Bigelow, Estoppel, 101-103, (3d Ed.)

(*p*)Id. 61-63.  Concerning married women: *Griffith* v. *Clarke*, 18 Md. 457; *Morse* v. *Toppan*, 3 Gray, 411; *Burk* v. *Hill*, 55 Ind. 419; *Hartman* v. *Ogborn*, 54 Pa. St. 120; *Graham* v. *Long*, 65 Pa. St. 383; *Van Metre* v. *Wolf*, 27 Iowa, 341; *Gambetta* v. *Brock*, 41 Cal. 78.  Concerning infants: *Waring* v. *Reynolds*, 3 B. Mon. 59; *Blake* v. *Douglass*, 27 Ind. 416; *Marshall* v. *Fisher*, 1 Jones, 111; *Whitney* v. *Porter*, 23 Ill. 445.

(*q*)*School Trustees* v. *Stocker*, 42 N. J. 115; *Tuska* v. *O'Brien*, 68 N. Y. 446.

which the decision could not have been rendered.(r)   When it is said, as it often has been said, that a judgment is conclusive, not only of everything necessary to it, but also of everything that *might* have been litigated, it is clear that this can be true only so far as it relates to particular issues actually joined or necessarily implied.   Even in New York, where the courts have gone to a great extreme in applying the rule of necessary facts, it is held that a judgment will not bar a counter-right of action of an independent nature.(s) The real difficulty is in regard to the meaning of "necessary facts;" but the weight of authority appears to be that facts which constitute a counter-right of action cannot be deemed to be barred by judgment for the plaintiff, unless the defendant put them in issue in the first suit; and this, though they are connected with the same subject-matter as that upon which the first suit was brought.(t)                                    MELVILLE M. BIGELOW.

*Boston, January* 13, 1882.

---

(r)*Leonard* v. *Whitney*, 109 Mass. 265, 268; *Crofton* v. *Cincinnati*, 26 Ohio St. 571; *Dunham* v. *Bower*, 77 N. Y. 76; *Woodgate* v. *Fleet*, 44 N. Y. 1; *Hardy* v. *Mills*, 35 Wis. 141; *Hamner* v. *Pounds*, 57 Ala. 348; *Bradley* v. *Briggs*, 55 Ga. 354; *Supples* v. *Cannon*, 44 Conn. 424; Bigelow, Estoppel, 103, (3d Ed.)

(s)*Brown* v. *Gallandet*, 80 N. Y. 413.

(t)See *Bodurtha* v. *Phelon*, 13 Gray, 413; *Bascom* v. *Manning*, 52 N. H. 132; *Sykes* v. *Bonner*, Cin. Sup. Ct. Rep. 464; *Mondel* v. *Steel*, 8 Mees. & W. 858; *Davis* v. *Hedges*, L. R. 6 Q. B. 687; *Barker* v. *Cleveland*, 19 Mich. 230.   The New York cases *contra* are *Gates* v. *Preston*, 41 N. Y. 113; *White* v. *Merritt*, 7 N. Y. 352; *Davis* v. *Talcot*, 12 N. Y. 184; *Dunham* v. *Bower*, 77 N. Y. 76; *Blair* v. *Bartlett*, 75 N. Y. 150; *Bellinger* v. *Craigue*, 31 Barb. 534; *Collins* v. *Bennett*, 46 N. Y. 490.   See *Schwinger* v. *Raymond*, 83 N. Y. 193.   The subject is further considered in the writer's work on Estoppel, pp. 118-129.