Miller, J.
The defence which was set up in the answer to the plaintiff’s complaint, and offered to be proved upon the trial, would establish a failure of consideration of the note upon which the action was brought, and was, in my opinion, improperly excluded. The contract alleged was made by the *149 plaintiffs with the indorser, and his name was procured by means of the representations made by them, and the agreement of the plaintiffs. The facts which the defendant offered to prove tended to show that the making of the note and the indorsement of the same by the defendant was for a specific purpose, which was never carried into effect; that the plaintiffs utterly failed to discontinue and withdraw the action brought for the recovery of the debt, which the note was given to secure in part, and proceeded, in violation of the agreement, to enter up a judgment, issue an execution, and cause a levy to be made -upon the stock of goods belonging to Glenny, thereby destroying his credit and causing his failure. If these facts had been proved, they would have established an entire omission, on the part of the plaintiffs, to perform the agreement, by the making of which they succeeded in obtaining the defendant’s indorsement, which failure evidently was a great injury to the defendant, by depriving him of the benefit of the security which the possession and ownership of the goods by Glenny furnished.
If the agreement had been fulfilled in this respect, it is fair to assume that Glenny might have continued his business, his credit been upheld, and thus the defendant been enabled to secure himself against 'loss. The effect of the judgment and levy might well have caused'Glenny’s failure, and without this the defendant might not have been called upon to pay the note. It is, therefore, quite manifest that by means of the violation of the contract by the plaintiffs, that the indorser was damnified, and placed in a position where he might be compelled to pay the note; and he was interested in having the agreement carried out, so as to relieve himself from liability.
The evidence offered was not liable to the objection that it tended to contradict the note. As between original parties to a promissory note, proof may be given of the consideration, and the facts attending the making and delivery of such note, and the indorsing of the same, which are not inconsistent with the instrument, and which may tend to show that it has been diverted from its original purpose, or that there is a *150 failure of consideration. (Parsons on Bills, 518, 525; Sawyer v. Chambers, 44 Barb., 42; Develin v. Coleman, 50 N. Y., 531.) 'An instrument, not under seal, may be delivered upon conditions, the observance of which, as between the parties, is essential to its validity; and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it or others having notice. (Benton v. Martin, 52 N. Y., 570, 574.) While this parol evidence is not admissible to vary the effect of an undertaking, or merely to show that it was to be renewed, yet when the note does not contain the whole contract, and is made in pursuance of a contract, it is competent to show what that contract was and the purpose for which it was made.
It is urged that the remedy was for a breach of the agreement, and that the surety cannot take advantage of a contract made with or for the benefit of his principal, in the absence of any defence by the principal; and we are referred to several reported cases to sustain this doctrine, which do not go to the extent claimed when the contract is made with the indorser, or the surety himself, instead of the principal. Gillespie v. Torrance (25 N. Y., 306), merely holds that an accommodation indorser of a note, given for chattels sold, cannot, at law, avail himself of a breach of warranty, as to the quality of such chattels, by way of defence, recoupment, or counter-claim. In the case cited, the contract was not with the surety but the principal, while here it was directly with the indorser, and the actual consideration upon which he indorsed the note. Hence, there is a wide distinction between the two cases. It was conceded that, the principal had a right to set up such a defence in the. case cited; and the indorser here stands in his place, as he was one of the contracting parties. The same remarks are applicable to Lasher v. Williamson (55 N. Y., 619), where it was held that the surety, who was not a party to the contract, when sued upon his obligation could not avail himself of an independent cause of action in favor of the principal against the plaintiff, *151 as a defence or counter-claim. In Bellows v. Folsom (2 Robt., 138), there was only a partial failure of consideration, which essentially differs from the case at bar where there is a failure to fulfill the material portions of the contract.
The plaintiffs utterly failed to carry out the agreement upon which the notes were indorsed by the defendant, and therefore had no right to enforce their collection ; and for the error of the judge upon the trial, in excluding the evidence offered, the judgment must be reversed, and a new trial granted, with costs to abide the event.
All concur; except Grover, J., not voting.
Judgment reversed.