David Dunham, Appellant, *v.* Oliver P. Bower, Respondent.

A judgment in favor of a carrier, in an action by him to recover freight, is a bar to an action by the owner of the goods shipped to recover damages for destruction of the property caused by a failure on the part of the carrier to perform his contract of transportation. Where the goods are so destroyed the shipper is excused freight, the failure to perform is a defense, going to the whole cause of action for freight, and may be proved under the general issue.

The principle of recoupment does not apply where the fact, upon which it is based, is necessarily fatal to the whole action.

*It seems*, that the shipper having thus defeated the action for freight, is at liberty to sue for his damages.

*It seems*, also, that when the goods are transported to the place of delivery, and are accepted by the owner, although in a damaged condition, a different rule as to the effect of a judgment for freight prevails, as the carrier in such case has earned his freight.

Defendant contracted with plaintiff to transport a quantity of apples from W. to N. Y.; he agreed to start on November eighth; he did not start

until the twelfth; by reason thereof he was prevented by the freezing up of the canal from proceeding farther than I., about half way, and the apples were frozen and destroyed. In an action to recover damages for the loss, defendant pleaded as a bar a judgment in his favor in an action to recover freight on the apples from W. to T. *Held*, that the judgment was a bar, and that defendant was properly nonsuited.

(Argued April 3, 1879; decided April 15, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order denying a motion for a new trial, and directing judgment on an order nonsuiting plaintiff on trial.

This action was brought to recover damages for the loss of a number of barrels of apples, alleged to have been caused by the failure to perform, on the part of defendant, of a contract to transport said apples by boat from Watkins to the city of New York.

Plaintiff's evidence was to the effect that defendant agreed to load and start the apples on or before November 8th, 1873, but that he did not start until the twelfth; that in consequence of the delay, the boat was stoped by ice in the canal at Ilion and could proceed no further, and that the apples were frozen and entirely destroyed.

Defendant pleaded in bar and proved on the trial a judgment duly rendered in justices court in his favor, in an action brought by him to recover freight for transporting the apples from Watkins to Ilion.

The court directed a nonsuit. Exceptions were ordered to be heard at first instance at General Term.

The further facts appear in the opinion.

*Nathaniel C. Moak*, for appellant. Defendant's agreement to carry the apples and start them at a certain date, and his failure to start them as agreed gave plaintiff a good cause of action. (*Michaels* v. *Cent. R. R.*, 30 N. Y., 564; *Read* v. *Spaulding*, 30 id., 630; *Coffin* v. *Cent. R. R.*, 64 Barb., 379; *Worth* v. *Edmunds*, 52 id., 40, 43; *Parsons* v. *Hardy*, 14 Wend., 215; *Bowman* v. *Teax*, 23 id., 307.)

Plaintiff was not legally bound to set up his claim for damages as a defense or counter-claim in the justice's court. (2 R. S., 234, § 50, subs. 3 and 5 ; 2 Edm. Stat., 250 ; 2 R. S. 236, § 58, sub. 1 ; 2 Edm. Stat., 252 ; *Borth* v. *Burt*, 43 Barb., 628 ; *Batterman* v. *Pierce*, 3 Hill, 171 ; *Simeon* v. *Schenck*, 29 N. Y., 598, affirming 33 Barb., 9 ; *Gillespie* v. *Torrance*, 25 N. Y., 306, affirming 4 Bosw., 36 ; *Joes* v. *Van Epps*, 22 Wend., 157 ; *Batterman* v. *Pierce*, 3 Hill, 171 ; *Britton* v. *Turner*, 6 N. H., 481 ; *Halsey* v. *Carter*, 1 Duer, 667 ; *Barber* v. *Rose*, 5 Hill, 81 ; *Stever* v. *Lamoure*, Lalor's Supp., 352, note *a*.) Defendant being excused by the act of God had a right to recover for what he had done. (*Spalding* v. *Rosa*, 71 N. Y., 40 ; *Wolfe* v. *Howes*, 20 N. Y., 197 ; 24 Barb., 174, 666 ; *Clark* v. *Gilbert*, 26 N. Y., 279 ; 32 Barb., 577 ; *Fahy* v. *North*, 19 id., 341 ; *Bellinger* v. *Craigue*, 31 id., 539 ; *Reab* v. *McAlister*, 8 Wend., 109 ; 14 id., 257 ; 5 Hill, 76 ; *McDonald* v. *Christie*, 42 Barb., 40–43 ; *Barker* v. *Cleveland*, 19 Mich., 236–238.) In this case the time of the performance was not essentially a part of the contract, but defendant might have recovered for the performance without adjudicating the question of time, and left plaintiff to his cross action for the time. (*Price* v. *Hartshorn*, 44 N. Y., 94 ; *Souter* v. *Baymore*, 7 Penn. St., 415 ; *Knox* v. *Ninetta*, Crabbe, 534, 543–544 ; 1 Pars. Ship. and Admr., 172, note ; *Shields* v. *Davis*, 6 Taunt., 65, 66 ; *Scovill* v. *Griffith*, 12 N. Y., 509 ; *Briggs* v. *Cent. R. R.*, 28 Barb., 515 ; *Simmons* v. *S. E. R. R.*, 7 H. and N., 1002 ; *Dodge* v. *Windsor, etc.*, 8 U. C. L. J., 137; Sup. Ct. Nova Scotia ; 2 Redf. Railroad [185, bottom p.], 199 [5th ed.] ; *Sinclair* v. *Tallmadge*, 35 Barb., 602 ; *Ruff* v. *Rivaldo*, 55 N. Y., 664 ; *Dillon* v. *Masterson*, 39 N. Y. Sup. Ct. R., 133 ; *Gallagher* v. *Nichols*, 60 N. Y., 438; 16 Abb. Rep. [N. S.], 337.)

*Erastus P. Hart*, for respondent. The judgment recovered by defendant against plaintiff before the justice is a bar to this action. (*Gates* v. *Preston*, 41 N. Y., 113; *Collins* v.

*Bennett,* 46 id., 490; *Billinger* v. *Craigue,* 31 Barb., 534; *White* v. *Merritt,* 7 N. Y., 352; *Lowenstein* v. *McIntosh,* 37 Barb., 257; *Breck* v. *Wood,* 43 id., 315; *Davis* v. *Tallcott,* 12 N. Y., 184; 15 Barb., 67.) The judgment necessarily established that the defendant had performed the agreement on his part. (*Durham* v. *Pettee,* 8 N. Y., 508; 22 How., 194–197; 20 N. Y., 425; 12 id., 245; 14 Wend., 215.) The judgment is a bar, not only as to the subject matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. (*Le Guer* v. *Gouverneur,* 1 J. Cas., 435; *Embury* v. *Conner,* 3. N. Y., 511–522; 34 Barb., 156.)

CHURCH, Ch. J.  The only question presented in this case is whether the judgment in favor of the defendant against the plaintiff for the freight in transporting the apples from Watkins to Ilion is a bar to the plaintiff's claim in this action.

This action is brought upon the contract to transport the apples from Watkins to New York, by which it is alleged that the defendant agreed to start on the 8th of November, and that he did not start until the 12th, by reason of which the apples were frozen, and destroyed.

A judgment or decree of a court having jurisdiction of the subject-matter, and of the parties, is as a general rule, final and conclusive as to the matters actually litigated and decided, and also as to the matters necessarily involved in the litigation, and which might have been litigated. (*Embury* v. *Conner,* 3 N. Y., 511, and cases cited; *Collins* v. *Bennett,* 46 id., 490.) Whenever *recoupment* is sought, the party entitled to it, may interpose it as a defense, or bring a cross action, and in general, it is optional with him which course he will adopt. (*Gillespie* v. *Torrance,* 25 N. Y., 309.) This proceeds upon the ground that recoupment is in effect the setting off of distinct causes of action. It is sometimes difficult to draw the line between a judgment which will operate as a bar to an action for a specified claim, and one which

leaves the claim outstanding to be enforced by a cross-action. It depends in a great measure upon the nature of the demand litigated, the relation which the claim sought to be enforced bears to it, and the circumstances attending it. Any fact or allegation which is expressly or impliedly involved in a judgment, is merged in it, and cannot again be litigated. Upon this principle the so-called malpractice cases were decided. (*Gates* v. *Preston*, 41 N. Y., 113; *Bellinger* v. *Craigue*, 31 Barb., 534), and which have been approved in the recent case of *Blair* v. *Bartlett* (not reported). * It was held in these cases that the question of care and skill of a physician, or surgeon, are necessarily adjudicated in an action to recover compensation for the services rendered, and a judgment for such services is a bar to an action for damages, based upon a want of proper care and skill. So in *Collins* v. *Bennett* (46 N. Y., 490), it was held that a judgment in an action to recover compensation for keeping a horse, was a bar to an action for a conversion of the horse founded upon using and driving him contrary to the agreement, upon the ground that the recovery necessarily adjudged a performance of the contract. I think that the principle decided in that case applies here. The action for freight in transporting the apples, adjudged that the plaintiff in that action had performed his contract, except to the extent, that he was excused by the freezing of the canal. It is urged that the cause of action in this case was independent of the contract of shipment. It seems quite clear that it was a part, and a very essential part of that contract. The time of starting was made important by the parties, and a violation of the agreement in that respect ·caused as it, is alleged, the freezing and destruction of the property transported. If this had been shown it would have defeated the whole cause of action before the justice of the peace, either upon the contract, or upon a *quantum meruit.* It would have shown that the pretended service was of no value, and after defeating that action the defendant would have been at liberty to have sued for his damages.

---

* 75 N. Y., 150.

If the allegations in this case are true, the defendant was not only not entitled to any freight, but the plaintiff was entitled to a judgment for the whole amount of his damages. I do not see how a right to freight and a right to damages for the destruction of the whole property caused by a violation of the shipping contract can co-exist.

When property has been accepted by the owner, although in a damaged condition, a different question is presented. Lord MANSFIELD, in such a case said : " As to the value of the goods it is nothing to the master, whether the goods are spoiled or not, provided the merchant takes them, it is enough if the master has carried them, for by doing so he has earned his freight, and the merchant shall be obliged to take all that are saved, or none, he shall not take some, and abandon the rest, and so pick and choose what he likes, taking that which is not damaged, and leaving that which is spoiled or damaged." * * * " If he abandons he is excused freight, and he may abandon although they are not all lost." (*Dakin* v. *Oxley*; 33 L. J. [C. P.], 115. 119.) This was clearly a case where the owner was " excused freight," not merely because the goods were damaged, but because they were destroyed by the violation of the contract of shipment. The defense would go to the whole cause of action, and hence might be proved under the general issue. (*Gleason* v. *Clark*, 9 Cow., 57.)

Another aspect of the case is more clearly fatal to the plaintiff on this point. The contract was to transport the apples to New York. The defendant transported them only half way, alleging the freezing of the canal as " an act of God," as an excuse. The violation of the agreement to start on the eighth would have been an answer to the excuse, and he would have occupied the same position as he would, if the freezing had not occurred, which would have been that of one claiming freight under an agreement to transport property to New York, when he had left it a hundred miles away. A recovery could not be had for freight in such a case, irrespective of the injury to property. Car-

riers must like other persons, perform their contracts, and to recover compensation for such performance, they must show performance.

The judgment in this case established a performance, except as excused. Put the tests as stated by the learned judge who delivered a dissenting opinion below : "Suppose that when the present defendant had sued for his freight, it had been shown that he did not start until four days after the day when he had agreed to start, would that have been fatal to the action ? " I think it would, because it would have answered the excuse of stoppage by act of God.

Here confessedly, the defendant failed to perform his contract, and such performance is a condition precedent to his right to freight. He pleads the act of God as an excuse. Is it not an answer that he encountered such act by violating his agreement, or in other words, by his own fault.

There may be cases where the principle of recoupment would apply, but does it apply when the fact upon which it is alleged, is necessarily fatal to the whole action ? I think not. We must decide this case upon its own facts, and it seems to us that if the allegations of the complaint in this case are true, the defendant could not have legally recovered for freight, and this whether damages ensued or not to the property. The recovery therefore adjudicated either that the defendant never made the alleged agreement, or that he had performed it. These questions were necessarily involved in that action, and are merged in the judgment.

The judgment must be affirmed.

All concur.

Judgment affirmed.