CHRISTOPH SCHWINGER, Respondent; *v.* ALONZO B. RAYMOND et al., Appellants.

Where a common carrier performs his contract to transport and deliver goods, a payment of the freight or a submission to judgment therefor does not preclude the owner of the goods from recovering damages for injuries thereto while *en route;* he may pay the freight and sue for the damages, or set up his damages by way of counter-claim in an action to recover the freight or he may bring a cross-action.

A shipper, by consenting that his goods may be carried on deck, does not thereby assume the risk of loss or injury to them.

Where a carrier by canal neglects to protect his cargo, or to furnish means by which it may be done, according to his contract, and the cargo in consequence is injured by frequent rains, this does not constitute a marine disaster, and he is liable for the damages.

Where the findings of fact, by a referee, conflict, the defeated party is entitled to those most favorable to him and may rely upon them in aid of exceptions to the referee's conclusions of law.

Where findings contained in the case, as settled by a referee, differ from those contained in his report, the former will be deemed correct, as it is upon the case that exceptions stand. (Code of Civil Procedure, § 997.)

This action was brought to recover freight agreed to be paid for transporting 200 barrels of beans on the deck of a canal boat to New York. Defendant's answer admitted the agreement to pay the freight and the transportation, but alleged that, through the negligence of the plaintiff, the beans were wet and damaged, and asked judgment for the damages, less the freight. At the close of the trial defendants' counsel submitted certain propositions of fact and law, " each and every " of which he requested the referee to find as stated. The conclusions of law were : 1st. That plaintiff was " entitled to recover " the amounts claimed for freight; 2d. That defendants were " entitled to recover " a sum specified for their damages; 3d. That defendants were " entitled to judgment" for the balance. The referee found the first proposition, but refused to find the other two; to the refusal to find defendants' counsel excepted, but did not except to the finding. The General Term, on appeal, *held*, that the finding, in accordance with the request' and the omission to except thereto, entitled plaintiff to maintain his judgment. *Held*, error ; that the three propositions so submitted should have been taken together and construed as one sentence, and so taken, the request was that defendants have judgment upon the adjustment of the two claims, for the difference between them; and that, therefore, defendants were entitled to a review of the refusals to find and the referee's conclusions of law.

The referee found that plaintiff undertook to furnish lumber sufficient to cover and shelter the beans while on the boat so that they would be perfectly protected from rain ; that they were delivered to him in good order ; that the captain of the boat was warned that it was about to rain and requested to procure lumber; that he refused and left the place where they were loaded, while defendants' agent was absent, without any covering whatever over the beans; that it rained during the voyage and, in consequence of the want of sufficient covering, the beans were wet and damaged, and the referee found the amount of loss in consequence. *Held*, that these findings established error in the refusal of the referee to find the conclusions of law as requested.

Also, *held*, that the fact that defendants knew the beans were not covered when the boat departed did not excuse the plaintiff.

(Submitted December 2, 1880 ; decided December 14, 1880.

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made on the 1st Tuesday of April, 1879, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*E. Darwin Smith* and *D. C. Hyde* for appellants. The referee erred in not finding as requested, that defendants were entitled to recover damages. (*Dunham* v. *Bower*, 77 N. Y. 80; *Dakin* v. *Oxley*, 33 L. J. C. B. 115–119; 1 Pars. on Mar. Law, 172; 3 Kent, 225; 3 Johns. 321; *McAlister* v. *Reab*, 4 Wend. 483; affirmed by Court of Errors, 8 Wend. 109; *Gillespie* v. *Torrance*, 25 N. Y. 309; *Bellinger* v. *Craigue*, 31 Barb. 534; 1 Lans. 61.) The referee erred in his second conclusion of law, that the defendants were not entitled to be allowed for damages in this action. (48 N. Y. 369.) The Supreme Court cannot grant a new trial on the ground of mistake, inadvertence, surprise, newly-discovered evidence or fraud, after judgment at General Term. (Code, § 1002; *Smith* v. *Frankfield*, 13 Hun, 490; *Comstock* v. *Dye*, id. 113; *Whitbeck* v. *Waine*, 8 How. 433; 2 Cow. 408; 3 How. 250; *Bennett* v. *Lake*, 47 N. Y. 93; *Kenyon* v. *N. Y. C. R. R.*, 76 id. 607; Code, § 724; *Hatch* v. *C. N. Bk.*, 78 N. Y. 490; *Luke* v. *Lynde*, 2 Burrows, 882.)

*Geo. W. Cothran* for respondent. A carrier is not liable for injury to deck freight. (*Lawrence* v. *Minturn*, 17 How. [U. S.] 100, 114, 115; *Barber* v. *Brace*, 3 Conn. 9; 3 Kent's Com. 240 and note *d;* Redfield on Carriers, § 337; Maclachlan on Shipping, 354, 355, 376.)

Danforth, J. The action was brought to recover freight agreed to be paid by defendants to plaintiff for transporting on the deck of his canal boat 200 barrels of beans, from Albion and Brockport to the city of New York. The complaint alleges that the beans were transported under this agree-

ment, and delivered to the defendants, who accepted them. That the freight has not been paid, " wherefore the plaintiff demands judgment against the defendants for $110, with interest." The defendants admit an agreement to pay freight, but allege that the plaintiff's undertaking was to " carry and deliver the beans in such manner that they would be entirely protected from moisture ; " that he did carry them to the place agreed upon, but in such a careless and negligent manner they were wet, sprouted, greatly damaged, and a loss was by reason thereof sustained by them (respondents), to the amount of $1,008.94, " no part of which has been paid by the plaintiff, nor have the defendants paid the freight aforesaid, amounting to $110, and the defendants demand judgment for this sum of $1,008.94, and interest, less $110, and interest."

To this new matter the plaintiff interposed a reply, and thereby controverted and denied " all the allegations thereof." There was then, at the outset of this litigation, an understanding on both sides of the matters really in controversy, and the issues made by these pleadings were fully litigated. It was the theory of the defendants, as indicated by the answer above set out, and especially by their prayer for judgment, that the plaintiff was entitled to have allowed to him the freight agreed upon, and they should have allowed their damages ; but judgment be given only for so much thereof as should remain after canceling the freight agreed upon. It was in pursuance of the same theory that the legal adviser of the defendants, at the close of the trial, submitted to the referee in writing a series of propositions of fact which he deemed established, and conclusions of law which he supposed would follow, with the request to find the facts and law as they were stated, " and each and every of the same, and each and every part thereof." The proposed conclusions of law were stated in these words : " *First.* That the plaintiff is entitled to recover of the defendants, $159.77. *Second.* The defendants are entitled to recover damages of the plaintiff in the sum of $1,452.10. *Third.* The defendants are entitled

to judgment against the plaintiff in a balance of $992.33, and their costs." Thus reproducing, in separate clauses, the idea already embodied in a single sentence of the answer, for the sums named are the items there referred to with interest added. The referee seems to have had the same understanding of the case, for by his report he finds: *First.* That the plaintiff is entitled to recover the amount agreed to be paid as freight on the beans, and, stating the amount, directs judgment to be entered therefor, in favor of the plantiff. *Second.* That the defendants are not entitled to recover, or to be allowed in this action as against the plaintiff for the damage and injury to their property before mentioned. And answering the requests of the defendants before stated, found the first, but refused to find the second and third. The defendants excepted to the conclusions of law contained in the report, and to the referee's refusal to find the second and third requests. Upon appeal the General Term held that the finding of the referee, upon the first clause, in accord ance with the request of the defendants, and the omission of the latter to except thereto, entitled the plaintiff to maintain the judgment, and to that effect is the respondent's argument before us. We think it is unsound. The three propositions submitted to the referee should be taken together, and construed as one sentence, with several members. Such, evidently, was the intention of the draftsman. The first and second specifications were but premises upon which the conclusion stated in the third paragraph rested. Taken as a whole, the request was for a finding that the defendants have judgment upon the adjustment of the two claims stated in the first and second paragraphs. In substance that the freight be allowed to the plaintiffs, the damages allowed to the defendants, and judgment ordered for the difference. The defendants did not ask that the plaintiff have judgment, but that he be deemed " entitled to recover of the defendants" the sum named ; the defendants " entitled to recover damages of the plaintiff, and have judgment for the balance." Put these requests in one sentence,

and there could be no misapprehension in regard to its mean-
ing. It seems to us equally plain as stated by the defendants.
And so the referee must have thought, for in his report he
uses the words as synonymous, and finds that the defendants
are not entitled " to recover or to be allowed " as against the
plaintiff, the damages. Upon exceptions to the refusals to
find, and exceptions to the conclusions of law stated in the
report, the defendants should have been permitted to review
the correctness of those findings. But in any view of the
case undue effect was given by the learned judges of the
Supreme Court to the admission implied in the request to find
that the plaintiff was entitled to his freight. There are cases in
which two claims could not co-exist; where if the plaintiff was
entitled to have his claim allowed, the defendants would be
precluded from recovering, and among them are *Davis* v.
*Tallcot* (2 Kern. 184), *Bellinger* v. *Craigue* (31 Barb. 534),
*Gates* v. *Preston* (41 N. Y. 113), *Blair* v. *Bartlett* (75
N. Y. 150, cited by the learned court). They went
upon the ground that the plaintiff's cause of action
could be made out only by overcoming the defendants'
claim, that if the latter was well founded it would de-
feat the former, and a recovery by either would be a con-
clusive answer to any demand made by the other, because
the litigation provoked by either, would necessarily involve the
matter upon which both must rely, and it could not be again
litigated. Thus a recovery by a physician or surgeon of his
fees for services rendered (*Bellinger* v. *Craigue, Gates* v. *Pres-
ton, Blair* v. *Bartlett*), or by a manufacturer for the price of
the machine (*Davis* v. *Tallcot*), would bar an action by the
patient in the first case, or the purchaser in the second, for
damages by reason of non-performance of the contract upon
which the fee or price depended, because, except upon proof,
or admission of performance, the plaintiff could not have re-
covered. And if in the case before us the defendants had set
up a claim for non-delivery or transportation of the goods, a
recovery, or an admission of the plaintiff's right to recover for
freight earned under the contract, would have justified the

same conclusion. But that is not the case. The plaintiff did
perform the contract to carry, and the goods reached their des-
tination. He had thus performed the condition on which his
right to freight depended, and he might have retained the
property until payment was made, or waiving that right, de-
liver it, and look to the consignee or to the shipper for its pay-
ment. To the owner of the injured goods, several ways were
open. He might pay the freight and sue for damages, or refusing
to pay, submit to suit, set up his damages by way of counter-
claim, or bring a cross-action. (*Gillespie* v. *Torrance*, 25 N. Y.
309; *Spalding* v. *Vandercook,* 2 Wend. 432; *Batterman* v.
*Pierce*, 3 Hill, 171; *Dunham* v. *Bower*, 77 N. Y. 80.) And a
payment of freight, or a submission to judgment therefor,
would afford the carrier no answer to the counter-claim or to
the action. (1 Parsons' Maritime Law, 215; 3 Kent, 225;
*Griswold* v. *The New York Ins. Co.*, 3 Johns. 321.) The
distinction between the facts of this case and the cases first re-
ferred to is in like manner indicated in *Dunham* v. *Bower*
(*supra*). Since the Code, the defendants may have affirmative
and complete relief by first extinguishing the plaintiff's cause
of action, and judgment for the excess. It was to that end
that the answer of the defendants was framed, and to complete
their purpose the requests referred to made. We think the
exceptions were sufficient to entitle them to review the de-
cision of the referee.

In the second place, the referee erred in his conclusion that
the defendants were not entitled to recover damages against
the plaintiff. The plaintiff was a carrier. He undertook with
the defendants to transport their beans upon the deck of his
canal boat to New York, for a price named, "to be paid on
the delivery of the beans in that city." The referee finds that
he undertook at the same time to furnish lumber sufficient
to cover and shelter the beans while on the boat, so they
would be perfectly protected from rain and moisture; that
they were delivered to him in good order, part at Albion and
part at Brockport; that his agent, the captain, received and
loaded them upon the deck; that he was warned it was about

to rain, requested to procure lumber, and informed that if it did rain, and the beans were not covered, they would be damaged; that he refused to cover them, and left each port "without the means to do so, or so arranging the barrels that they could be covered, and while the defendants' agent was absent." He was more than once requested to procure lumber and cover the beans, and repeatedly promised to do so, but did not. The boat left Brockport at night, or very early in the morning, without any covering whatever over any of the barrels of beans, without notice to the defendants and without their knowledge. At various times between Albion and New York it rained, and, "because of there being at first no covering over the beans, and because of the defective condition and insufficiency of the covering afterward constructed by the captain, the beans became wet, and when they arrived in New York city a portion thereof, by reason of such wetting, had become soft, and sprouted, and seriously damaged, and the whole of said beans were, in consequence thereof, in an unmerchantable condition;" that the consignees refused to receive the beans by reason of their ill condition, and then the captain had them stored "for account and risk of the boat and owners thereof." Thereafter, at the joint request of the plaintiff and defendants, the consignees took and cared for the beans, and at like request sold the same as they best could, and paid over the net avails to the defendants. The referee further finds the depreciation and injury, and expenses to be over $800. These findings were made at the defendants' request; they verify the counter-claim, and are in themselves sufficient to establish error in the referee's refusal to find that the defendants were entitled to recover for damages so sustained, less freight, and to judgment for the balance against the plaintiff.

In the referee's report there are findings of less fullness and somewhat conflicting with those referred to, but where they vary the defendants are entitled to those most favorable to themselves, and may rely upon them in aid of their exceptions. Moreover, the findings I have above stated are contained in the case as settled by the referee, and if they differ from those

in the report, must still be held to be correct and represent his final conclusions. It is upon the case that the exceptions stand. (New Code, § 997; *Tompkins* v. *Lee*, 59 N. Y. 662.) It is argued by the respondent that the carrier is not liable for deck freight, and the shipper assumes the risk of loss or injury to his goods, when he consents that they be so carried. The authorities to which we are referred do not sustain the position. In case of jettison, the deck load cannot claim from the insurers, and there may be other modifications to the remedy of the owners of such a cargo, as between themselves and other shippers. But there was no jettison in this case and it has not yet been held that summer showers, however frequent, constitute a marine disaster, or that the failure of the carrier by canal to protect his cargo, or to furnish means by which it may be done, according to his contract, are to be reckoned among the perils of the sea. The carrier is liable upon his contract according to its terms. It is also urged by the plaintiff that the defendants knew, when the boat departed, that the beans had not been covered and that the lumber furnished was insufficient to cover them, and there is color for this assertion in the referee's report; not in the case as settled. If this was so, it would not excuse the plaintiff, for his contract was to protect the goods during the entire trip, not merely at the moment of departure.

Upon the findings of the referee the defendants were entitled to recover, and he erred in refusing to find the conclusions of law as requested, and in making the conclusion of law which gave judgment to the plaintiff.

This result makes it unnecessary to review the order denying a new trial for surprise also referred to in the notice of appeal.

The judgment of the General Term and that entered on the report of the referee should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.