By the Court.
O’Gorman, J.
The action was brought to recover damages from the defendant, who was a veterinary surgeon, by reason of his alleged unskillfulness, carelessness and neglect in his treatment of plaintiff’s horse. The defendant, in his answer, denied such unskillfulness and negligence.
It appeared by the evidence of the plaintiff that, before the commencement of this action, he had been sued by *304 the defendant for payment of his professional services in the treatment of plaintiff’s horse, and that before the return day of the summons, the plaintiff had paid the defendant’s demand. It was also admitted by the plaintiff’s counsel, that at the time the payment was made, there was no protest on the part of the plaintiff, but that he had protested all along before. This admission the learned trial judge held to be decisive of the case, and he thereupon directed a verdict for the defendant.
To this ruling, the counsel for the plaintiff excepted, and the chief question now to be determined, is whether or no that ruling was correct.
It is contended on the part of the plaintiff, and I think successfully, that the principle of “res adjudicata ” has no application to this case, because, in the action brought by the defendant against the plaintiff, no judicial determination of any competent court was had—no judgment was rendered or entered—no pleadings were used—no issue was raised between the parties to the action—no trial took place—no evidence was produced, and no proof of facts was made (Webb v. Buckelew, 82 N. Y. 559-60-61).
The case of Blair v. Bartlett (15 N. Y. 150), cited in the defendant’s brief, is not an authority against these views, for there, a judgment had actually been obtained in a case otherwise similar to the case at bar.
The question still remains, whether the payment by plaintiff to the defendant was not an admission of the justice of the defendant’s claim on account of professional services rendered, inconsistent with plaintiff’s claim in this action for damages, by reason of defendant’s alleged negligence and malpractice, and whether that admission does not create an estoppel and bar to plaintiff’s recovery herein.
The appellant’s contention, that the payment made by plaintiff was made under duress, or was other than a voluntary payment, cannot prevail (Quincey v. White, 63 N. Y. 376).
*305 And if this were an effort to recover back the money thus paid by plaintiff to the defendant, the action could not be sustained (Peyser v. Mayor, 70 N. Y. 501).
There may be, no doubt, certain inconsistencies and contradictions between the plaintiff’s claim in this action to recover damages from the defendant, and plaintiff’s previous voluntary payment of defendant’s demand, from which an admission of the absence of negligence or malfeasance on the part of defendant might be inferred (Schwinger v. Raymond, 83 N. Y. 197; Gates v. Preston, 41 Ib. 113 ; Blair v. Bartlett, 75 Ib. 150).
Such an admission, however, would not be an irrevocable or conclusive admission, binding the plaintiff by way of estoppel. It would be, at most, only matter of evidence, which should have gone to the jury for what it was worth, and should have been considered by them with all the other evidence in the case.
To treat this payment by the plaintiff as a bar to this action, would be to give to the act of a party, from which an admission might be inferred, even more than the conclusive and irrevocable effect of a judgment recovered against him, for it is held, that the conclusive character of a judgment extends only to identical issues, and they must be such not merely in name but in fact and in substance (Palmer v. Hussey, 87 N. Y. 306).
Taking then the evidence of the plaintiff altogether, it cannot well be inferred that in making the payment to defendant of the amount of defendant’s claim for professional services, the plaintiff intended thereby to extinguish his own claim for damages, for the loss of his horse, caused, as he claimed, by the malpractice or neglect of defendant. The doctrine of estoppel, although well sustained by motives of public policy, is sometimes, in its application, rigid and harsh, even to the exclusion of the truth, and should not be stretched beyond the strict limits, within which it has been confined by authoritative decisions.
*306 The judgment and order reversed, with costs to abide the event.
Sedgwick, Oh. J., and Truax, J., concurred.