JOHN A. SMITH, Respondent, *v.* HENRY W. FOOTE, Appellant.

*Executory sale of goods by sample — damages for a breach of warranty — not waived by a failure to counterclaim it in an action for the price — evidence as to a special meaning of word " like"— improper rule of damages, when not a ground for reversal.*

The principle is well established that, upon an executory sale of goods by sample with warranty, the goods must correspond with the sample, and the vendee is not precluded from claiming and recovering damages for breach of warranty, although he has accepted the goods after an opportunity for inspection.

The claim of the vendee for damages for a breach of warranty on the sale of goods by sample is not necessarily dependent upon the vendor's claim to recover the contract price, and is not waived by the vendee's failure to set up such breach of warranty as a counterclaim in an action brought by the vendor to recover the contract price of the goods sold.

Upon the trial of an action brought to recover damages for the breach of an alleged warranty, embraced in an executory contract for the sale of a quantity of stained glass, it was shown that the plaintiff wrote the defendant, inclosing a piece of stained glass and inquiring the price at which the defendant

would furnish him with 1,500 feet of glass "like the sample inclosed," and when he could furnish it. The defendant answered that he could ship immediately the full amount required of glass "a little lighter than the sample;" that he had on hand about 600 feet "like the sample," and that he could ship him the full amount "of the same shade" within two or three weeks, as it would shortly arrive; and he quoted the price at which the glass would be furnished. The plaintiff wrote that the price was satisfactory, and gave the order, provided the defendant would ship the 600 feet at once, and the balance within fifteen days, "the glass to be like the sample sent."

*Held,* that the contract plainly embraced a warranty on the part of the defendant that the glass should be of the same shade of color as that of the sample;

That under the circumstances of the case the plaintiff was entitled to recover the actual damages sustained by him in the use of the glass up to the time when he did in fact ascertain, or ought by the exercise of reasonable care to have ascertained, that the glass was unfit for the use to which it was put;

That an offer of the defendant made upon the trial to prove that the word "like" had some special meaning in the glass trade was properly refused.

Where no exception is taken to the rule of damages applied by the court upon the trial of an action, and it is not apparent upon an appeal that any injustice has resulted from the same, the judgment rendered will not be reversed on account of an improper rule of damages having been prescribed.

APPEAL by the defendant, Henry W. Foote, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 11th day of December, 1893, upon the verdict of a jury, rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 12th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*N. Bull,* for the appellant.

*E. F. Turk,* for the respondent.

DWIGHT, P. J.:

The judgment appealed from awarded damages to the plaintiff for the breach of an alleged warranty embraced in an executory contract for the sale of a quantity of stained glass. The contract was by letters which passed between the parties. The plaintiff at Rochester wrote the defendant at New York, inclosing a piece of stained glass, and inquiring for the price at which the defendant would furnish him with 1,500 feet of glass " like the sample inclosed," and

when he could furnish it. The defendant answered that he could ship immediately the full amount required of glass "a little lighter than the sample;" that he had on hand about 600 feet "like the sample," and that he could ship him the full amount "of the same shade" within two or three weeks, as it would shortly arrive; and he quoted the price at which the glass would be furnished. The plaintiff wrote stating that the price was satisfactory and giving the order, provided the defendant would ship the 600 feet at once and the balance within fifteen days, "the glass to be like the sample sent."

This was the contract. It plainly embraced a warranty on the part of the defendant that the glass should be of the same shade of color as that of the sample. The language of the order was "like" the sample sent or inclosed. On the trial the defendant offered evidence to prove that the word "like" had some special meaning in the glass trade. The offered evidence was excluded, and, as we think, properly, because whatever meaning the word may have had in the general usage of the trade, its meaning as used in this transaction was fixed by the terms of the contract itself. The inquiry was for glass "like" the sample. The answer was that the defendant had on hand about 600 feet "like" the sample, but could ship at once the whole 1,500 feet "a little lighter than the sample," or the whole amount "of the same shade" within a time named, and the acceptance was of the latter proposition. Here the defendant himself makes the clear distinction between glass like the sample and glass only a little lighter in shade, and the contract is closed for glass of the former description only. On the principle so strongly enforced in the case of *Zabriskie* v. *The Central Vt. R. R. Co.* (131 N. Y. 72) this was a sale by sample and with a warranty which survived the acceptance of the goods. In that case the sample referred to was not present nor even in existence at the time the contract was made, being the coal sold by plaintiff to the defendant and consumed by it in the previous year; but its qualities had been observed in the results of its use, and these afforded a standard of comparison to which the subject of the later sale should conform. In that case the Court of Appeals adopted the opinion prepared by its late Chief Judge RUGER, in which he said: "The principle is well established, that upon an executory sale of goods, by sample, with warranty that the goods shall correspond with the sample, the vendee

is not precluded from claiming and recovering damages for breach of warranty, although he has accepted the goods after an opportunity for inspection," citing *Kent* v. *Friedman* (101 N. Y. 616); *Brigg* v. *Hilton* (99 id. 517); *Gurney* v. *The Atlantic & G. W. R. R. Co.* (58 id. 358).

In the present case there can be no question but that the sale was by sample and with warranty that the glass should be of one shade of color, and that the same as of the sample furnished. The glass was received by the plaintiff in sheets of varying size, which he cut into the sizes required by the work for which it was intended, and set it in the sashes which had been prepared to receive it. It was only when the sashes, thus glazed, had been framed in the church windows for which they were designed, and a uniform light was transmitted through the glass, that. its defects were first apparent. It was then discovered to be of several different shades of color, and to present so mottled and variegated an appearance as to be unfit for its purpose. The windows so glazed were rejected by the architect and the committee having charge of the work, and the plaintiff was compelled to take out the glass furnished by the defendant and supply its place with other and fitter glass procured elsewhere; and, failing to obtain the allowance of his claim for damages, he paid the defendant's claim in an action for the contract price, and brought his own action for the breach of warranty.

The action was, no doubt, properly brought and maintained. The plaintiff's claim on the warranty was not necessarily dependent upon the defendant's claim to recover the contract price, and was not waived by his failure to set it up as a counterclaim to the defendant's action. (*Muller* v. *Eno*, 14 N. Y. 597; *Schwinger* v. *Raymond*, 83 id. 198.)

We are inclined to think that the rule of the measure of damages applied by the court in its instructions to the jury was correct under the peculiar circumstances of the case. It was, in effect, that the plaintiff was entitled to recover the actual damages sustained by him in the use of the glass in question up to the time when he did in fact ascertain, or ought, in the exercise of reasonable care, to have ascertained, that the glass was unfit for the use to which it was put. The ordinary rule on that subject is not of universal application (*Swain* v. *Schieffelin*, 134 N. Y. 471), and, probably, the particular

facts of this case justified the application of a different rule. But no exception was taken by the defendant to the rule actually applied, and since it is not apparent that any injustice resulted therefrom we do not feel called upon to examine that question more fully in this case. There is no other exception in the case which seems to require discussion.

The judgment and order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.