Thomas J. Mirabile, J.
The above action came on for trial before me with a jury at which time by consent of both parties a mistrial was declared. It was also agreed by counsel for both parties that the matter remain with me as a motion on behalf of plaintiff for summary judgment pursuant to rule 113 of the Rules of Civil Practice and a cross motion on behalf of the defendant for an order pursuant to rules 107,112 and 113 of the Rules of Civil Practice, striking out plaintiff’s complaint and for judgment in favor of defendant. Pursuant to the above-mentioned agreement and pursuant to a written stipulation both parties have submitted formal motions accordingly.
The plaintiff is a rigger and sets forth in its complaint a claim for $5,100 as a balance due for work, labor and services pursuant to a written contract. It has received $2,500 on account of said contract. This contract involved the moving of a very large machine from a railroad car to the defendant’s place of business.
The defendant has interposed an answer consisting of a general denial, three separate and distinct defenses and two counterclaims. The first defense is payment, the second defense alleges res judicata and the third defense is based upon breach of contract in that there was a failure of due performance, predicated upon plaintiff’s negligence in handling of the machine which resulted in extensive damage to it and also in loss of *181 business during the period of time that the machine was being repaired.
The first counterclaim is for damages caused by defective performance under the contract. The second counterclaim asserts a separate agreement between defendant and plaintiff for the hiring of equipment and manpower by plaintiff from the defendant for which plaintiff allegedly agreed to pay $2,500. This agreement is claimed to have been made during the time the plaintiff was performing its work under the written contract which is the subject matter of this suit.
The facts and material issues, generally speaking, are not in dispute. The defendant admits the execution of the written contract, that only $2,500 has been paid to plaintiff and that the balance of $5,100 due under the contract has not been paid. Defendant also admits that the plaintiff did move the machine from the railroad car to the defendant’s place of business, but claims that in so doing the plaintiff was negligent and caused the machine to drop a certain number of inches with resultant damage.
Because of such damage the defendant brought an action in the Supreme Court, Suffolk County, before the commencement of the present suit against the plaintiff, alleging negligence as hereinabove explained and claiming injury in the sum of $40,000.
A trial was had which lasted five days and a verdict was rendered by a jury awarding judgment to this defendant in the sum of $4,000, which judgment was paid by the plaintiff herein to the defendant and the time to appeal therefrom has now expired.
Plaintiff contends that it is entitled to recover in the present action on the theory that a contractor may have the contract price if the contract is substantially performed less any sums which would compensate the other party for incomplete services or damage caused by negligence. Since the judgment of the Supreme Court, Suffolk County, has been paid the plaintiff contends that the defendant has been made whole for whatever monetary loss was caused to it or the machinery by the plaintiff’s negligence and accordingly it demands the balance of the contract price, to wit, $5,100.
The defendant on the other hand argues that the plaintiff’s action is barred under the doctrine of res judicata by virtue of the judgment in the Supreme Court, Suffolk County, between the same parties in favor of the defendant in this case. It is the defendant’s contention that plaintiff had a full opportunity to ■be heard and to assert and protect its rights even though it failed to do so. The defendant asserts that plaintiff is now *182 estopped from bringing this action and claims that the principle of res judicata applies to all issues which could have or might have been raised and litigated by way of defense or counterclaim in the previous action. The defendant submits that since the jury in the Supreme Court case found this plaintiff negligent in the performance of the contract that such determination constitutes an adjudication which prevents the plaintiff from claiming in this action that there was due and proper performance of the contract.
The main issue before me is whether the judgment in the Supreme Court, Suffolk County, in favor of the defendant and against the plaintiff herein by which damages for negligence in the performance of the contract were awarded is a defense available here under the doctrine of res judicata.
The application of this doctrine then, presents two distinct questions. First, does the former judgment collaterally estop the plaintiff from asserting now as a claim what could have been raised — but actually was not raised — as a counterclaim in the former action? Secondly, would any rights or interests established by the f ormer judgment be jeopardized by a prosecution of the present claim? (See Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Good Health Dairy Prods. Co. v. Emery, 275 N. Y. 14; Israel v. Wood Dolson Co., 1 N Y 2d 116.)
The first question need not be answered. However, let it be said that to answer it in the affirmative would be to stretch the doctrine of res judicata to unknown proportions. As stated in Statter v. Statter (2 A D 2d 81, 85, revd. on other grounds 2NY 2d 668) the failure to interpose a counterclaim which is also a defense in the prior action does not bar a later action on the counterclaim. (See, also, Schuylkill Fuel Corp. v. Nieberg Realty Corp., supra.)
The second question however, is answered in the affirmative. The very fact that the jury awarded damages of $4,000 on a $7,600 contract can lead to no other conclusion but that the plaintiff is now barred from bringing the action. Implicit in, and necessary to, that judgment is the concept that the plaintiff did not substantially perform its contract. What operates as the bar is not the fact that the former action was brought, but rather that the amount of the verdict bore such a high ratio to the full contract price. From the said verdict, it can be said as a matter of law that plaintiff has not substantially performed its contractual obligations and hence cannot recover under the contract. (See Steel, Stor. & Elevator Constr. Co. v. Stock, 225 N. Y. 173; Hollister v. Mott, 132 N. Y. 18; Smith v. Ruggiero, 52 App. Div. 382, affd. 173 N. Y. 614; Condello v. Stock, 285 App. *183 Div. 861, mod. on other grounds 1 N Y 2d 831; North Amer. Wall Paper Co. v. Jackson Constr. Co., 167 App. Div. 779; Fuchs v. Saladino, 133 App. Div. 710.)
There can be no question here of acceptance and waiver of defects by the defendant. The present situation is analogous to a house constructed on someone’s land; that person has no choice in accepting the performance of the contract. (See Cawley v. Weiner, 236 N. Y. 357.) Moreover, since there has been no substantial performance, there can be no recovery in quasi-contract. (See Steel, Stor. & Elevator Constr. Co. v. Stock, supra.)
Thus upon the ground of res judicata and also because it is clearly established that the plaintiff did not substantially perform the contract in suit I hold that there may be no recovery under such contract.
Therefore, judgment may be entered in favor of the defendant dismissing the complaint herein on the merits and defendant’s motion is granted accordingly.
The defendant’s first counterclaim is also stricken out on the ground of res judicata (see Schuylkill; Good Health and Israel, supra).
However, the second counterclaim refers to a separate and distinct agreement between the parties which related to the question of whether the plaintiff utilized machinery and manpower of the defendant for which the plaintiff agreed to pay the defendant. As to this counterclaim there are issues of fact which should be tried.
Accordingly, judgment may be entered dismissing the complaint and the first counterclaim on the merits and severing the action so that there may be a trial with respect to the second counterclaim.