Walter R. Hart, J.
Plaintiff appeals from so much of an order as (1) denied plaintiff’s motion for summary judgment, (2) granted defendant’s cross motion for judgment dismissing the complaint pursuant to rules 107, 112 and 113 of the Rules of Civil Practice, and (3) severed the action and directed that defendant’s second counterclaim proceed to trial. No appeal was taken from that part of the order which struck out defendant’s first counterclaim.
The action was brought to recover the balance of the contract price in the sum of $5,100 alleged to be due from defendant to plaintiff for the delivery of a huge hydraulic press.
Defendant’s answer consisted of a general denial; affirmative defenses of payment, res judicata and breach of contract by plaintiff; a first counterclaim for damages in the sum of $10,000 alleged to have been sustained by reason of plaintiff’s negligence in delivering and unloading the press; and a second counterclaim for $2,500 alleged to be due and owing pursuant to a separate agreement for the hiring by plaintiff of equipment and manpower from defendant.
Plaintiff’s reply was a general denial.
Both parties moved for summary judgment. Defendant also moved pursuant to rules 107 and 112 of the Rules of Civil Practice to dismiss the complaint for insufficiency and for judgment on the pleadings.
The facts are largely undisputed. Plaintiff is a rigger. It. transports and installs heavy machinery. Defendant is engaged in the scrap iron business. It purchases junked automobile bodies which are baled and sold for reuse in the manufacture of steel.
In January, 1961 defendant ordered an hydraulic press, weighing more than 300,000 pounds, known as the Dempster Balester, *1022 from Dempster Bros, of Knoxville, Tennessee, at a cost in excess of $103,000.
On April 14, 1961 the parties herein entered into a written contract which provided that plaintiff deliver the press from a railroad siding to defendant’s premises, a distance of about one-half mile, and unload and “ rough assemble” all of the heavy parts of the press onto a foundation provided by others. The contract price for such services was $7,600. Plaintiff was paid $2,500 on the signing of the contract. The balance of $5,100, which was to be paid to plaintiff upon completion of the job, has not been paid.
While plaintiff’s employees were lowering a 90-ton unit of the press onto its foundation, the unit dropped several inches and sustained damage. However, shortly thereafter the press was installed and placed in operation.
Claiming that the press had been damaged as a result of plaintiff’s negligence, defendant commenced an action in the Supreme Court, Suffolk County, to recover $40,000 for ‘ ‘ the cost of parts, freight and labor necessary to repair said press machine, and its housing,” and $10,000 for loss of business. Plaintiff’s answer therein was a general denial. No affirmative defenses or counterclaims were interposed. After a jury trial defendant recovered a verdict in the sum of $4,000. The judgment entered thereon was paid by plaintiff and no appeal was taken.
Thereafter plaintiff brought this action to recover the balance of the contract price of $5,100. The court below, in an opinion (39 Misc 2d 180) held that plaintiff was barred from maintaining the action for failure to substantially perform its contractual obligations, as evidenced by the high ratio of the jury award of $4,000 to the contract price of $7,600.
I am of the opinion that Special Term improperly applied the substantial performance test to the contract herein. Defendant’s recovery of a judgment for damages to its press did not preclude plaintiff from asserting its present cause of action for the balance of the contract price. Where property is delivered in a damaged condition due to a carrier’s negligence, the carrier may recover freight charges either in a separate action or by counterclaiming therefor in an action brought by the owner to recover for damages to his goods (see Schwinger v. Raymond, 83 N. Y. 192; 7 N. Y. Jur., Carriers, § 164). Where goods are destroyed there is, of course, no right to recover freight charges (Dunham v. Bower, 77 N. Y. 76).
In Schwinger v. Raymond (supra) a carrier sued to recover freight charges of $110 for transporting 200 barrels of beans. *1023 The owner contended that because of the carrier’s negligence in omitting to cover the goods they became wet and damages were sustained in excess of $1,000. The Court of Appeals held that the owner was entitled to recover for the damages sustained less the freight charges. The court stated that the carrier’s claim for freight charges and the owner’s claim for damages arising out of the carrier’s negligence are separate and distinct. Hence a recovery by either would not bar a recovery by the other. The court, noting first, that there are instances where two claims cannot coexist, said (pp. 197-198): “ There are cases in which two claims could not co-exist; where if the plaintiff was entitled to have his claim allowed, the defendants would be precluded from recovering, and among them are Davis v. Tallcot (2 Kern. 184), Bellinger v. Craigue (31 Barb. 534), Gates v. Preston (41 N. Y. 113), Blair v. Bartlett (75 N. Y. 150, cited by the learned court). They went upon the ground that the plaintiff’s cause of action could be made out only by overcoming the defendants’ claim, that if the latter was well founded it would defeat the former, and a recovery by either would be a conclusive answer to any demand made by the other, because the litigation provoked by either, would necessarily involve the matter upon which both must rely, and it could not be again litigated. Thus a recovery by a physician or surgeon of his fees for services rendered (Bellinger v. Craigue, Gates v. Preston, Blair v. Bartlett), or by a manufacturer for the price of the machine (Davis v. Tallcot), would bar an action by the patient in the first case, or the purchaser in the second, for damages by reason of non-performance of the contract upon which the fee or price depended, because, except upon proof, or admission of performance, the plaintiff could not have recovered. And if in the case before us the defendants had set up a claim for non-delivery or transportation of the goods, a recovery, or an admission of the plaintiff’s right to recover for freight earned under the contract, would have justified the same conclusion.” Continuing, the court stated that a carrier’s claim for freight charges and an owner’s claim for damages arising out of the carrier’s negligent performance of its contractual obligations can coexist (p. 198): “ But that is not the case. The plaintiff did perform the contract to carry, and the goods reached their destination. He had thus performed the condition on which his right to freight depended, and he might have retained the property until payment was made, or waiving that right, deliver it, and look to the consignee or to the shipper for its payment. To the owner of the injured goods, several ways were open. He might pay the freight and sue for damages, or refusing to pay, *1024 submit to suit, set up Ms damages by way of counter-claim, or bring a cross-action. Gillespie v. Torrance, 25 N. Y. 309; Spaulding v. Vandercook, 2 Wend. 432; Batterman v. Pierce, 3 Hill, 171; Dunham v. Bower, 77 N. Y. 80.) And a payment of freigM, or a submission to judgment therefor, would afford the carrier no answer to the counter-claim or to the action. (1 Parsons’ Maritime Law, 215; 3 Kent, 225; Griswold v. The New York Ins. Co., 3 Johns. 321.) ”
Here, the satisfaction of the judgment previously obtained by defendant against plaintiff for the damage to its press resulting from plaintiff’s negligence constitutes full indemnification for such damage. Special Term properly recognized this by striking out, on the ground of res judicata, defendant’s first counterclaim for damages sustained by reason of plaintiff’s negligence in delivering and unloading the press.
It does not follow that plaintiff’s action for the balance of the contract price is similarly barred by the doctrine of res judicata as urged by defendant. The sole points at issue and determined in the prior suit were plaintiff’s negligence and the amount of damages sustained by defendant. The causes of action in the two suits are dissimilar and involve different rights and obligations. (See Schwinger v. Raymond, supra.) Hence the defense of res judicata is not available to defendant (Erbe v. Lincoln Rochester Trust Co., 3 N Y 2d 321, 327; City Bank Farmers Trust Co. v. Macfadden, 13 A D 2d 395, affd. 12 N Y 2d 1035; Karpis v. Bungalow Bar Corp. of America, 8 A D 2d 844).
Plaintiff’s failure to assert a counterclaim in the prior action is of no legal significance. Since its right to recover the balance due under the contract was not in issue in the prior suit, plaintiff is not estopped from bringing a separate action therefor. There is no compulsory counterclaim rule in New York. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.12.) Hence a defendant who fails to interpose a setoff or counterclaim is not precluded by the doctrine of res judicata from maintaining a subsequent action thereon (Brown v. Gallaudet, 80 N. Y. 413; Vendall, Inc., v. Statter Mfg. Corp., 5 A D 2d 882, 883; Statter v. Statter, 2 A D 2d 81, 85, revd. on other grounds 2 N Y 2d 668; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.20).
Defendant has failed to raise any triable issue with respect to plaintiff’s claim. Plaintiff is, therefore, entitled to summary judgment for the balance of the contract price.
The second counterclaim relates to an alleged separate agreement between the parties for the hiring by plaintiff of equipment and manpower from defendant. There are triable issues as to whether such an agreement was made and as to the pay *1025 ments which were to be made thereunder. Accordingly, the entry of judgment in plaintiff’s favor should be held in abeyance pending the determination of the second counterclaim (CPLR 3212, subd. [e] 2; Nopco Chem. Co. v. Milner, 12 A D 2d 942; Gallagher Switchboard Corp. v. Heckler Elec. Co., 34 Misc 2d 256).
The order so far as appealed from should be modified by providing that plaintiff’s motion for summary judgment should be granted and plaintiff be awarded judgment as prayed for in the complaint, and as so modified affirmed, without costs, and the action should be severed as to defendant’s second counterclaim. The entry of judgment should be held in abeyance pending the determination of the second counterclaim.
Pette and Groat, JJ., concur.
Order modified, etc.